Brown and others *against* Crandall and others.

In an action against two or more persons as partners, general reputation, even in connexion with other facts, is inadmissible to prove the partnership.

This was an action on a promissory note, alleged to have been made by the defendants, *G. B. Crandall* and *R. W.*

*Roath,* partners in business, in *Norwich,* under the name and firm of *G. B. Crandall & Co.,* payable to *Hyde, Cleveland & Co.,* and by them indorsed to the plaintiffs. *Crandall* was defaulted; and *Roath* appeared and pleaded *Non assumpsit.*

The cause was tried at *New-London, September* term, 1834, before *Bissell,* J.

On the trial, *Roath* denied that he ever was a partner of *Crandall,* in the firm of *G. B. Crandall & Co.* The plaintiffs, among other testimony to prove the partnership, enquired of a witness, whether it was not generally reputed and believed in *Norwich,* where the defendants resided, that they were partners. To this enquiry the defendants objected; and the judge excluded it.

After a verdict for the defendants, the plaintiffs moved for a new trial.

*Child,* in support of the motion, contended, That general reputation, especially in connexion with other evidence, is admissible to prove a partnership; its weight being left to the jury. He cited and relied on *Whitney* & al. v. *Sterling* & al. 14 *Johns. Rep.* 215. On principle, this evidence is as proper to prove a partnership as relationship. 1 *Stark. Ev.* 54.

*W. H. Law,* contra, insisted, That the evidence in question was inadmissible. General reputation being but *hearsay* evidence, courts ought not to *extend* the rule relating to this species of testimony beyond those exceptions which have been admitted *ex necessitate.* This evidence is not within any of those exceptions. 1 *Phill. Ev.* 186. & seq. 1 *Stark. Ev.* 40 to 46. 56, 7, 8, 9. and notes (*k*) and (*m.*) *Mima Queen* v. *Hepburn,* 7 *Cranch* 290. *Davis* & al. v. *Wood,* 1 *Wheat.* 6. *Rex* v. *Eriswell,* 3 *Term Rep.* 707. *Johnson* v. *Lawson,* 2 *Bing.* 86. (9 *Serg. & Lowb.* 329.) *Chapman* v. *Chapman,* 2 *Conn. Rep.* 347. The introduction of such testimony would be unnecessary, dangerous and without authority. It would be unnecessary, because the nature of the fact to be established does not require a resort to this species of testimony; and dangerous, because the rumor may have been originated and circulated, by the person most interested to establish the partnership. It is also without support from ele-

mentary writers or judicial authority, except only some loose *dicta*, principally, if not wholly, in the *New-York* reports; and in those cases, no objection was taken to the testimony; and they only decide, that in connexion with other facts, but not alone, such testimony may be received. But in the case of *Blyden* v. *Taylor*, 2 *Har. & Johns.* 400. such evidence was held insufficient, even when connected with other facts.

*Strong*, on the same side, was stopped by the court.

WAITE, J. In this case, the plaintiffs, to prove a partnership between the defendants, proposed to enquire of a witness, whether it was not generally reputed and believed, in the place where the defendants resided, that they were partners. To the admission of this evidence an objection was made, and the court excluded it.—The question now is, whether that evidence ought to have been received.

It is a general principle of the law of evidence, that the mere declarations of third persons as to any fact, or what is commonly called *hearsay* evidence, is inadmissible to establish that fact: such evidence is considered too vague and unsubstantial to afford any reasonable test of truth.—Its intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practiced under its cover, conduce to support the rule, that hearsay evidence is totally inadmissible. *Mima Queen* & al. v. *Hepburn*, 7 *Cranch* 290. Besides, evidence ought to be given under the sanction of an oath, and in the presence of the party to be affected by it, that he may have an opportunity of examining the witnesses respecting his means of knowledge, and the particulars of the fact.

To this rule, however, there are a few exceptions, as in questions of pedigree, character, prescription, custom and the like.—Such facts, some from their nature, and others from their antiquity, do not admit of the ordinary means of proof by living witnesses. But these exceptions are to be strictly construed, and are neither to be favoured nor extended. Hence, although in questions of pedigree, the declarations of deceased members of the family may be received in evidence, yet the rule does not extend to the declarations of deceased neighbours, intimate acquaintances, or even servants in the family. *Chapman* v.

*Chapman,* 2 *Conn. Rep.* 347. *Johnson* v. *Lawson,* 2 *Bing.* 86. (9 *Serg. & Lowb.* 329.) So, although the parentage of a person may be proved by reputation, yet the place of his birth cannot. *Holdin* v. *Pollard,* 4 *Pick.* 173. *Rex* v. *Erith,* 8 *East* 539.

The rule established, and afterwards confirmed, by the supreme court of the *United States,* is, "that hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses, who speak from their own knowledge." *Mima Queen* & al. v. *Hepburn,* 7 *Cranch* 290. *John Davis* v. *Wood,* 1 *Wheat.* 6.

The admission of the evidence offered by the plaintiffs, would certainly be contrary to the general rule, and not within any of the exceptions known and recognized. No adjudged case, no authority, except mere *dicta,* has been produced, by the plaintiffs, in support of their claim.—To receive such evidence would be a departure from principle, and a precedent dangerous in practice. A person of doubtful credit might cause a report to be circulated that another was in partnership with him, for the very purpose of maintaining his credit. His creditors also might aid in circulating the report, for the purpose of furnishing evidence to enable them to collect their debts.

There is nothing in the nature of the fact to be proved requiring the admission of such testimony.

We are, therefore, satisfied, that the evidence was properly excluded, and that no new trial ought to be granted.

The other Judges were of the same opinion.

*New trial not to be granted.*