# JAMES H. BOWEN *et al.*

## *v.*

# ROBERT RUTHERFORD.

| 60   41|
| 24a 634|
| 60   41|
| 148  22|
| 60   41|
| 74a 456|
| 60   41|
|201  4339|

1. PARTNERSHIP—*proof thereof—by reputation.* Whether persons are partners *inter se,* or *quoad* third parties, must be established by facts, by the acts of the party, or by circumstantial evidence, which induce the belief of a partnership. The question turns upon the assent of the person to be charged, and not upon general repute. A partnership can not be proven by general reputation.

2. INSTRUCTIONS—*need not be repeated.* Where proper instructions have been given in a case, it is not error to refuse to repeat them.

3. NEW TRIAL—*newly discovered evidence.* It is not error to refuse to grant a new trial on newly discovered evidence which is only cumulative and inconclusive in its character.

4. On such an application it must appear that the party asking a new trial, has used due diligence to discover evidence before the trial.

5. PLEA—*notice of defense.* When a plea, denying a partnership, is filed, it is notice that such a defense will be made.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit brought by James. H. Bowen, George S. Bowen, Chauncey T. Bowen and George R. Whitman, in the Superior Court of Cook county, against Robert B. Rutherford and Robert Rutherford, upon certain notes purporting to have been executed by the defendants as partners. There was a default entered against Robert B. Rutherford, but Robert Rutherford filed pleas : first, the general issue ; second, a plea that he was not a partner of the other defendant, and was not jointly liable ; third, a plea denying the execution of the notes. These last two pleas were verified by affidavit. A trial was had by a jury, resulting in a verdict in favor of Robert Rutherford. A motion for a new trial was overruled, and a judgment on the verdict, from which this appeal is prosecuted.

Messrs. THOMPSON & BISHOP, for the appellants.

Mr. JOHN W. KREAMER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

There was no error in the rejection of the evidence offered, that appellee held himself out as a member of the firm.

The offer was too general, and the only inference to be drawn from it is, that the design was to prove the partnership by general reputation, and thus make both defendants liable for the act of one.

Such testimony was held competent in *Whitney* v. *Sterling,* 14 Johns. 214, and in *McPherson* v. *Rathbone,* 11 Wend. 97.

In the first case, the court remarked that there was no objection to the testimony of general reputation, and it must therefore be considered. In the last case, it is simply said that it is undoubtedly competent to prove the partnership by general reputation.

No authority is referred to in either case, and no argument offered in favor of the rule established.

The propriety of these decisions was seriously questioned in an able opinion by Cowen, J., in *Halliday* v. *McDougall,* 20 Wend. 81.

He said: "There is scarcely a question upon which common reputation is more fallible. A contract of partnership is, in its nature, incapable of being defined by laymen; and whether an apparent partnership be really so, or a contract of some other character, is often a most embarrassing legal question with the ablest lawyer. General reputation of the more ordinary contracts, the legal nature and effect of which are understood by men of business in general, would be a much more proper subject of proof by general report. This, the law always rejects, and yet I am not aware that there is any necessity for a resort to such proof, in the one case more than the other."

We have been furnished with no authority in favor of the rule, and are aware of none, either English or American, which goes to the extent of the earlier cases in New York.

· In *Brown* v. *Crandall*, 11 Conn. 92, it was decided that general reputation was inadmissible to prove a partnership. In this case, the court said : "A person of doubtful credit might cause a report to be circulated that another person was in partnership with him, for the very purpose of maintaining his credit. His creditors also might aid in circulating the report for the purpose of furnishing evidence to enable them to collect their debts." See, also, *Bryden* v. *Taylor*, 2 Harr. & Johns. Md. 396.

It is a fundamental principle of the law of evidence, recognized and approved from the earliest times, that hearsay is not generally to be admitted in courts of justice. There are certain exceptions to the rule, but reputation of partnership has never been regarded as one of them..

The exceptions have been allowed, because it has been supposed that greater inconvenience might arise from the exclusion than the admission of the exception.

The mischiefs resulting from the admission of general report in proof of partnership, either between the parties or as to third persons, would be ten-fold greater than its exclusion.

Creditors, by ordinary precaution and inquiry, can protect themselves from imposition. They need not part with money or goods until they ascertain the fact of partnership, or the joint liability of the persons to whom the credit is given.

On the other hand, the innocent might be involved in difficulty, and ruined by a reputation created by bad and designing men.

· Whether persons are partners *inter se*, or *quoad* third parties, must be established by facts ; by the acts of the party ; or, by circumstantial evidence, which induce the belief of a partnership. The question turns upon the assent of the person to be charged, and not upon general repute.

A contract of this character, which often perplexes the closest inquiry, should not be determined by the loosest of all testimony, excited, perhaps, by interested creditors.

The modification of the second instruction was right. It required that the jury should find that the goods were furnished upon the belief that appellee was a partner.

If this was not true, then the appellants were not injured. They must be influenced and induced to give the credit by the indirect representations of the party, arising from his conduct. There must also be such publicity in the acts of the party charged, as to afford the reasonable presumption that the creditor had a knowledge of them, and acted upon such knowledge. The law presumes that the party who thus holds himself out as a partner, does so voluntarily, and that the creditor, under the belief of a partnership, gave the credit. *Waugh* v. *Carver*, 1 H. Black. 235; *Fox* v. *Clifton*, 6 Bing. 776; *Dickinson* v. *Valpy*, 10 Barn. & Cress. 128.

The law applicable to the facts was fully and correctly stated in the instructions given.

Some of the refused instructions are defective; and all, which was essential in them, was embraced in those given by the court.

The motion for a new trial was properly overruled. The newly discovered evidence is cumulative, and can not be regarded as conclusive. Besides, the reasonable diligence which the law requires, to prepare for trial, has not been shown.

This suit was pending in court nearly four years. Mattoon, the place of business of the makers of the note sued on, was easily accessible from Chicago, and yet, during all this time, the only effort for the procurement of testimony was the writing of a letter to an attorney in Mattoon, who made no reply. Another letter was written after the lapse of some time, but no information was elicited. Reasonable diligence required more active measures.

The affidavit of the attorney, for the purpose of showing diligence, impliedly states that he did not know of the denial of the partnership until after the° deposition of appellee was taken.

The plea denying the partnership, was filed in December, 1868, and was notice of the fact of denial.

There is no error for which the judgment should be reversed. It is accordingly affirmed.

*Judgment affirmed.*