H. HOLCOMB, RESPONDENT, v. J. H. TEAL, APPELLANT.

FILING AFFIDAVITS OF SURETIES ON APPEAL.—The affidavit of the sureties in an undertaking on appeal as to their qualifications must be filed contemporaneously with the filing of the undertaking:

BILL OF EXCEPTIONS.—The bill of exceptions should be presented, allowed and signed at some time prior to the first day of the term next succeeding the term at which the cause was determined.

APPEAL from Polk County.

This was a motion to dismiss the appeal. The other facts are stated in the opinion of the Court.

*R. P. Boise and P. C. Sullivan,* for the motion.

*J. J. Daly,* contra.

By the Court, McARTHUR, J.:

It is contended that the undertaking herein is insufficient, for the reason that there is no proper justification of the sureties, and that the affidavit does not show that the sureties are not of that class of persons who, by § 116 of the Civil Code, are prohibited from becoming sureties. There does not appear to have been any exception taken to the sufficiency of the sureties in the undertaking, consequently

there was no justification necessary. Counsel have fallen into an error in considering the affidavit of the qualifications of the sureties as the justification of the sureties. There is a wide distinction between them. The justification need only be made after exception to the sufficiency of the sureties, who must attend before some qualified officer and be examined under oath in relation to their sufficiency. (Civ. Code, § 117.) The affidavit of the sureties to their qualification as such must be filed contemporaneously with the filing of the undertaking. (Civ. Code, § 107, sub. 4.) It must set forth that each surety is a resident within the State, and that all taken together are worth double the sum specified in the undertaking over and above all debts and liabilities and property exempt from execution. It need not contain the negation that the sureties do not belong to the class prohibited by § 116, sub. 1, of the Code. The undertaking and affidavit are sufficient.

Passing to the second point raised by the motion, we discover from the record, that the judgment attempted to be appealed from was made and entered on November 21, 1872. The certificate of the clerk, annexed to the record, bears date May 1, 1873. The bill of exceptions was allowed and signed by the Judge of the Court below July 22, 1873. Consequently the bill of exceptions could not have been filed in the Court below, and could not have been a part of the judgment-roll, as required by § 269, sub. 2, of the Code, at the time of the making of the clerk's certificate. The section referred to requires the clerk, after docketing the judgment, and before the next regular term of Court, to prepare and file in his office the judgment-roll. We are of opinion that *all* the papers constituting the judgment-roll must be so prepared and filed. This Court will take judicial notice that a regular term of the Circuit Court was held in Polk County between the date of the entry of judgment herein and the signing of the bill of exceptions. As the law stands the Judge had no authority to sign the bill of exceptions. It should have been presented, allowed and signed at some time prior to the first day of the term next succeeding the term at which the cause was determined.

We cannot regard this bill of exceptions, and as there are no errors complained of except those set forth therein, the motion to dismiss this appeal must be allowed.

Appeal dismissed.