[Filed January 20, 1886.]

## AH LEP *v.* GONG CHOY AND GONG WING.

APPEAL—BILL OF EXCEPTIONS—WHEN TENDERED.—A bill of exceptions should be tendered to the judge immediately after the trial, unless the time therefor is extended, but the settlement and allowance thereof may be made at any reasonable time thereafter, according to the convenience of the judge.

SAME—MANDAMUS—LACHES.—When a judge refuses to sign a bill of exceptions, he may be compelled to do so by *mandamus* from this court; and no delay in the proceeding, unless caused by the neglect of the party appealing, will prejudice his rights.

PARTNERSHIP.—When a member of a partnership borrows money upon his own account, but representing that it is to be used in the partnership business, the partnership is not liable therefor. To bind the firm, the lender must understand that he is dealing with the firm through the agency of the partner negotiating the loan.

PRACTICE—JOINT OBLIGATION—JUDGMENT AGAINST ONE.—Under the Code, in an action against two or more upon a joint obligation, where the evidence establishes a liability against a part only of the defendants, judgment may be taken against those shown to be liable.

SAME—ATTACHMENT.—The court has no authority to direct the sale of attached property after the attachment has been dissolved.

MULTNOMAH COUNTY.   Defendants-appeal.   Reversed.

*W. H. Adams* and *Rufus Mallory*, for Appellants.

Even admitting that the money in controversy was loaned and was used in the partnership, the partnership is not bound, since the credit was given to the individual member; and the charge of the court in relation thereto was erroneous. (*Livingston* v. *Roosevelt*, 4 Johns. 271, 272; S. C., 4 Am. Dec. 273; *Jaques* v. *Marquand*, 6 Cow. 502, 503; *Whitaker* v. *Brown*, 16 Wend. 505; *Foot* v. *Sabin*, 19 Johns. 158; S. C., 10 Am. Dec. 208; *Farmers' Bank* v. *Bayless*, 35 Mo. 437, 438.)   The right of a partner to bind the firm is limited to the partnership business, and the defendants being merchant tailors, the making of a promissory note was not within the scope of their business. (*Smith* v. *Sloan*, 37 Wis. 285; S. C., 19 Am. Rep. 761; *Walcott* v. *Canfield*, 3 Conn. 197; 3 Kent's Com., 12th ed., 42, 43, and cases cited in notes; *Livingston* v. *Roosevelt*, 4 Johns. 279; *Eastman* v. *Cooper*, 15 Pick. 276; S. C., 26 Am. Dec. 600.)   At all events, this question should have been left to the jury.   (*Woodward* v. *Winship*, 12 Pick. 430–433; *Church* v. *Sparrow & Goodsell*, 5 Wend. 224.)   An action founded upon a contract against several defendants cannot be sustained by proof of an agreement made with one of them.   (*Executors of Livingston* v. *Tremper*, 11 Johns. 101; *Walcott* v. *Canfield*, 3 Conn. 198; *Bunnel* v. *Taintor*, 5 Id. 277.)

*G. W. Yocum* and *W. Scott Beebe*, for Respondents.

The instruction complained of, not being a part of the record, will not be regarded by this court unless brought here by a bill of exceptions duly allowed and signed. (*Holcomb* v. *Teal*, 4 Or. 352.)   The partnership being admitted, and the loan having been made to a member of

the defendants' firm (it being a trading firm), the presumption is that the money was borrowed and used for partnership purposes. (*Little* v. *Fitch*, 11 Mich. 525; *Doty* v. *Bates*, 11 Johns. 544; *Dob* v. *Halsey*, 16 Id. 34; S. C., 8 Am. Dec. 293; *Whitaker* v. *Brown*, 16 Wend. 505; *Gansevort* v. *Williams*, 14 Id. 134; *Austin* v. *Vandermark*, 4 Hill, 259; *Freeman* v. *Carpenter*, 17 Wis. 126.) If it should be held that the judgment be reversed as to Gong Wing, it must be affirmed as to Gong Choy; this the court has the power to do. (Code, p. 221, sec. 534; *Terpenning* v. *Gallup*, 8 Iowa, 74; *Fitzhugh* v. *Wiman*, 9 N.Y. 559; *Lewis* v. *Clarkin*, 18 Cal. 400; *Cauthorn* v. *King*, 8 Or. 138; *Burt* v. *Ambrose*, 11 Id. 26; Code, p. 154, secs. 241, 242.)

THAYER, J. This action was for money alleged to have been loaned by the respondent to the appellants. An attachment was sued out and levied upon their property. They filed an answer to the complaint, in which they denied that the respondent had loaned any money to them, and by giving an undertaking, procured, prior to the trial, a release of the attachment. The case was tried at the January term, 1885, of the Circuit Court, by jury duly impaneled, who returned a verdict in favor of the respondent and against the appellants for the sum of $508, the amount of money claimed to have been loaned, with the interest thereon accrued, and upon which judgment was entered for the amount; and it was further adjudged therein that the said property so attached be sold to satisfy the said judgment. The verdict of the jury was entered February 18, 1885, the judgment was entered March 16, 1885, and March 18, 1885, the notice of appeal was served. On the first day of October, 1885, a bill of exceptions was settled and signed by the judge who presided at said trial, and on the same day was filed

by the clerk of said court, and included in the judgment roll therein made up. The appellants assigned as error, in their notice of appeal, among other grounds, that the court erred in giving a certain instruction to the jury, which is set out in the said bill of exceptions, and in ordering the property to be sold that had been attached. The respondent filed in this court a motion to strike out from the transcript the bill of exceptions, upon the grounds that the same was not settled and signed during the time required by law; but it was not taken up until the appeal came on for hearing, and was then submitted with the argument on the appeal. The first question, therefore, to be determined is, whether we can consider the bill of exceptions, or not.

The provisions of the Civil Code of this state, in regard to a bill of exceptions, are very similar to those of the common law after the adoption of the statute of Edward I., and section 227 defines an exception to be an objection taken at the trial upon matter of law. Section 228 provides how it shall be taken. The point of the exception must be particularly stated, and may be delivered, in writing, to the judge, or entered in his minutes, and at the time, or afterwards, be corrected until made conformable to the truth. Section 229 provides that no particular form of exceptions shall be required; that the objection shall be stated, with so much of the evidence or other matter as is necessary to explain it, but no more. Section 230 provides that the statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk, and thereafter shall be deemed and taken to be a part of the record of the cause; and subdivision 2 of section 269 provides that the " bill of exceptions " shall constitute a part of the judgment roll. By a compliance with these provisions of the Code, matters which otherwise would rest in parol

become a record.  The Code, in some respects, has extended the provisions of the common law, but generally it is declaratory of it, and the practice under the two is substantially the same.  The exception must be taken at the trial, in one of the modes mentioned; but the formal statement, or bill of exceptions, as it is termed, may be made up afterwards.  Generally, it ought to be done during the term of the court at which the trial was had, though the statute does not fix any time therefor.  Judge McArthur, however, in delivering the opinion of this court in *Holcomb* v. *Teal*, 4 Or. 352, after reciting that the judgment attempted to be appealed from in that case was entered November 21, 1872; that the certificate of the clerk annexed to the record bore date May 1, 1873, and the bill of exceptions was allowed and signed by the judge of the court below, July 22, 1873, and that consequently it could not have been a part of the record—proceeded to remark that the judge had no authority to sign the bill of exceptions; that it should have been presented, allowed, and signed, at some time prior to the first day of the term next succeeding the term at which the cause was determined; and seems to have based the reason for his conclusions upon the fact that the bill of exceptions constituted a part of the judgment roll, and as the clerk was required to make that up during the period mentioned, the bill of exceptions could not become a part of it.

According to that reasoning, the bill of exceptions would be shut out whenever the clerk made up the judgment roll, if it were not then on file.  The clerk is not required to wait until the first day of the succeeding term to make up the judgment roll.  He may do it any time after docketing the judgment, and before the next regular term of the court.  (Sec. 269, *supra*.)  I do not see, then, how the party can have the full time in which to have signed and filed his bill of exceptions, if the time

in which it is to be done depends upon the provisions of that section. The court, in *Holcomb* v. *Teal*, held very properly that the bill of exceptions there could not be regarded as a part of the record before the court, as it was certified to the court about two months before the bill of exceptions was signed; but the rule attempted to be laid down was not necessary to the decision, and I do not think we are bound by it further than we believe it to be correct. It is laid down in Powell on Appellate Proceeding, 221, sec. 15, that the time of executing a bill of exceptions is generally dependent upon statutory regulations, and that usually requires it to be done during the term. Our Code, as before suggested, prescribes no time of executing it. In *Ex parte Bradstreet*, 4 Pet. 107, Chief Justice Marshall says: "A practice to sign it after the term must be understood to be a matter of consent between the parties, unless the judge has made an express order in the term allowing such period to prepare it." In *Poole* v. *Fleeger*, 11 Id. 185, Judge Story says that the exception need not indeed, then, at the trial, be put in form, or written out at large and signed; but it is sufficient if drawn up in form within the time allowed by the rules of the court.

In *Etheridge* v. *Hall*, 7 Port. 47, Judge Goldthwaite says, page 55:

"We do not wish to be considered as expressing the opinion that the practice of signing bills of exceptions, after the termination of the court, is proper; but cases may exist in which it is necessary to pursue this course, as it is not infrequent that sufficient time is not allowed to enable a judge to examine them during the term; or counsel may be then too much engaged to prepare them; but it never should be done when resisted by the opposite party at the time the exceptions are taken. In this case, we are informed by the petition [for a *mandamus*] that

the delay was caused by the request of the judge, and under an assurance that it should be signed after the adjournment of the court; and to allow him now to refuse, without sufficient cause, would deprive the plaintiff of a right secured to him by law."

I am not able to discover that the law has absolutely prescribed any definite time in which the exceptions shall be put in form and signed. The bill of exceptions should be tendered to the judge immediately after the trial, unless a definite time is given therefor. The nature of the affair requires this to be done, but the settlement and allowance of the statement of it may necessarily occupy a long time. In my opinion, that matter should be left largely to the convenience of the trial judge. A party who has regularly taken exceptions at the trial, and duly tendered a statement thereof to the judge who tried the case, is entitled as a matter of law to have it settled and allowed. If the judge refuse to sign a bill of exceptions, he may be compelled to do so by a *mandamus* from this court; but whatever delay may occur in the proceeding, unless attributable to the neglect of the party, should not prejudice his rights. "An act of the court shall prejudice no man," is a maxim properly applicable to a case where the judge has been duly tendered a bill of exceptions and delayed its settlement and allowance.

In the case before us the bill of exceptions was made a part of the record in the court below, and comes here as such. The respondent's counsel objected to its being settled when it was before the judge for that purpose, but he did not attempt to expunge it from the record in the lower court; and one of the appellants' counsel has filed an affidavit in opposition to the motion to strike it out, showing that it was duly tendered to the judge for settlement. The only ground, as I can see, for granting the motion is the lapse of time that has intervened

between the tender of the bill to the judge and his settlement and allowance of it; and unless we should conclude that he was *functus officio* at the time he signed it, we would have no right to interfere in the matter. I think we should presume that the judge failed to settle and allow the bill of exceptions earlier than he did in consequence of his other official duties; and am of the opinion that his power in the matter is not limited to any definite period in which he is required to act, though it may be his duty, as it undoubtedly is, to act promptly in such cases. Under this view of the case, the motion should not prevail.

The instruction to the jury was as follows:

"If you find from the evidence that Gong Choy, one of the defendants, borrowed $500 from the plaintiff, representing at the time that it was to be used for partnership purposes for the firm of Tong Yuen, and the plaintiff, relying on such representation, and believing, and having a right from the circumstances reasonably to believe, at the time, that such representation was true, loaned said money to said Gong Choy, that would bind the partnership, and render both parties liable."

The respondent, as appears from the bill of exceptions, had testified that at the time named in the complaint he loaned to Gong Choy, in the store of Tong Yuen & Co., in Portland, Oregon, the sum of $500, and what Gong Choy then and there said to him as to what he wanted the money for; and I think there is no doubt but that in view of such testimony the instruction was given. It evidently was given upon the hypothesis that the loan was made to Gong Choy, and the liability of the firm was made to depend upon the representations he made at the time he borrowed the money. The appellants' partnership, as shown by the bill of exceptions, extended to the purchase of cloth and clothing material, and the

manufacture thereof into clothes. They were what is termed merchant tailors. There was nothing showing that the money was ever used or went into the partnership concern. The evidence that it was loaned at all was flatly contradicted by the testimony of the appellants, and it is not improbable at all that the respondent's claim was an entire fabrication. But the question before this court is whether the said instruction was correct or not.

If the appellants were copartners in trade and commerce, either of them, under his general authority, could bind the firm for money borrowed in its name, but not if borrowed in the name of the individual partner. The lender must understand that he is dealing with the firm in the transaction through the agency of the partner negotiating the loan. The question to be determined in such a case is, To whom was the loan made? If to Gong Choy, then he was the debtor of the respondent; if to Tong Yuen through Gong Choy, as the agent of the latter, then Tong Yuen was his debtor. If the money was loaned to Gong Choy individually, he is the one who owed the debt therefor, no matter what representations he made at the time as to how or for what purpose it was to be used. He might have been under personal obligations to his copartner to use the sum borrowed for partnership purposes for the firm of Tong Yuen & Co.

Some question was made at the argument as to whether the money was not assumed in the instruction to have been loaned to the firm; but it certainly does not read so, and by referring to the testimony in the case upon that subject, it will be seen that it was not so intended. Transactions of the character of the one under consideration do not bind the copartnership; they only bind the individual partner. (Story on Partnership, sec. 102.) The instruction was therefore erroneous. The appellants'

counsel seemed to be of the opinion that the judgment could not be upheld, as to one of the defendants, in an action upon a joint contract, unless it could be as to both. That formerly was the law. If a plaintiff commenced an action against two or more defendants upon a joint obligation, he was compelled to establish a joint cause of action against all, except when some of the contracting parties were under a disability; but the Code has changed the rule by allowing a judgment to be taken against the party or parties shown to be liable, when the others are not liable.

The entry of the judgment order directing that the property which had been attached be sold was erroneous. The court had no authority to so adjudicate after the attachment had been dissolved. The respondent's counsel claimed that the appellants should have applied to the court below to correct the matter, but it was his duty to see that no such order was. made.

The judgment appealed from will be reversed as to Gong Wing and modified as to Gong Choy, by setting aside said order directing the sale of attached property. Both appellants will be allowed their costs and disbursements of appeal.