<hr />

(March 3, 1886.)

## GAFFNEY v. HOYT ET AL.

[10 Pac. 34.]

PARTNERSHIP—PROOF OF.—Evidence of common report should only be admitted to prove partnership in connection with the further evidence that such report was known to the parties sought to be charged.

PRACTICE—NEW TRIAL—MODIFY JUDGMENT.—The judge of the district court may, upon motion for a new trial on the ground of insufficient evidence to sustain the verdict, modify the judgment by striking out the name of one of the parties defendants where several defendants are severally joined.

APPEAL from District Court, Alturas County.

Kingsbury & McGowan, for Appellants.

In a joint action against copartners as such, on a contract, the action must stand as to all or none, and that in such cases the common-law rule is the law. And further, that even under

the code the same rule obtains as to the action. (Parsons on Partnership, 108; 7 Minn. 217 (7 Gill. 159); 1 Minn. 102 (1 Gill. 81); 2 Minn. 210 (2 Gill. 171); 22 Minn. 203; Bliss on Code Pleading, secs. 325, 327; 3 Minn. 106 (3 Gill. 58); 11 Minn. 138 (11 Gill. 87); Hilliard on New Trials, sec. 2, p. 446; Hilliard on New Trials, sec. 13, p. 452; 48 Cal. 438.) Can the court, without any notice to defendants or any consent of plaintiff, make a new judgment not under the pleadings nor on the verdict? We contend not. (See 39 Cal. 688; 1 Sutherland on Damages, 207; 7 Cal. 443-449; 51 Cal. 184; 1 Dindley on Partnership 482, and notes; Greenleaf on Evidence, sec. 483; Freeman on Judgments, sec. 136; Hilliard on New Trials, sec. 34, p. 153; Hilliard on New Trials, sec. 115, p. 663, and sec. 167, p. 675.) The other defendants whom the judgment is ordered to stand against have a right to object to anyone jointly bound with them being released without any notice to them. (Freeman on Judgments, secs. 231-233; Freeman on Judgments, secs. 43, 44; Freeman on Judgments, sec. 72a; Green's Practice, sec. 1112; *Chase v. Torrey,* 20 Vt. 395; Freeman on Judgments, sec. 104a; 2 Neb. 60.)

Angel & Sullivan, for Respondent.

The court erred in permitting the plaintiff to attempt to establish a partnership between the defendants, Hoyt and Dodridge, by testimony of common report by the testimony of the plaintiff, Gaffney, against the objection of defendants. Novation must be. express, and it must appear that the original debtor was in express terms released by the creditor and a new debtor substituted in his place. (1 Addison on Contracts, p. 527, and cases cited in note 1; see pp. 531, 532; 1 Parsons on Contracts, p. 219, note "C,"; *Butterfield v. Hartshorn,* 7 N. H. 345, 26 Am. Dec. 741; *McLare v. Hutchinson,* 18 Cal. 80; *Lyle v. Schombar,* 23 Cal. 538; *Bonnemer v. Negrete,* 16 La. 474, 35 Am. Dec. 217.) Judgment may be given for or against one or more of several defendants, etc. (See Code Civ. Proc., 351; *Rowe v. Chandler,* 1 Cal. 167; *Ingraham v. Gildernesster,* 2 Cal. 89; *Kritzner v. Warner,* 4 Cal. 231; *Lewis v. Clarkin,* 18 Cal. 399; *People v. Frisbie,* 18 Cal. 402; *Fox v. West,* 1 Idaho, 782.)

BUCK, J.—About July, 1883, M. L. Hoyt & Co., doing business as bankers at Shoshone, Alturas county, Idaho territory, received on deposit of the plaintiff, Bartley Gaffney, $914.20. Shortly after, to wit, August 3, 1883, the said company sold their said business to Ross Cartee, and gave notice to their depositors to "look to said Cartee for the payment of any money due them from said bank, from the date of said notice." That afterward, the said Cartee having failed, the plaintiff demanded payment of the said firm of Hoyt & Co. of his said deposit, which demand being refused he commenced this action for the amount claimed to be due. The amended complaint was filed July 11, 1884. It alleged the partnership of defendants, the deposit of the money, the demand of payment, and the refusal to pay; and demanded judgment for the amount due, with costs. The defendants filed their answer August 1, 1884, and interpose a general denial. Neither pleading is verified. The cause was tried by a jury, and they returned a verdict for plaintiffs of $1,027.69, and judgment was entered thereon, against all the defendants, on the third day of July, 1885. The defendants gave notice of motion to set aside the verdict and judgment, and for a new trial, on the ground of accident and surprise, insufficiency of the evidence to sustain the verdict, newly discovered evidence, and because the verdict was contrary to law. On the tenth day of October, 1885, the court granted the motion to set aside the verdict as to Wurtelle, overruled the motion as to the other defendants, and reformed the judgment. From the order overruling the motion for a new trial, and from the modified judgment, the defendants appeal, and incorporate a bill of exceptions to the order overruling the motion for a new trial, and a statement, into the record. In the specifications of errors the appellants assign as error: "1. Insufficiency of the evidence to prove that the defendants were partners; 2. That the evidence was sufficient to establish that the plaintiff consented to change his deposit account from Hoyt & Co. to Cartee; 3. That the court erred in admitting, against the objection of defendants, testimony of common report as to the copartnership of defendants; 4. That the order reforming the judgment is against law."

In the brief of appellant fifteen assignments of error are set out; but, as no errors will be considered on appeal that were not set out in the specifications of error in the statement of the case and in the bill of exceptions, we shall consider only those above enumerated.

The first and third assignments of error, to wit, that the evidence was insufficient to prove that the defendants were partners, and error in admitting evidence of common report to prove partnership, may be considered together. The rule seems to be established, as the result of numerous adjudicated cases, that common report can only be admitted to prove the partnership of the different members of a firm when it is accompanied with evidence that such report was known to the party sought to be charged. (5 Wait's Actions and Defenses, 114, and numerous cases there cited; *Bowen v. Rutherford,* 60 Ill. 41, 14 Am. Rep. 25; *Brown v. Crandall,* 11 Conn. 92; *Halliday v. McDougall,* 20 Wend. 81.)

In the case at bar, the admission of Hoyt, in his deposition introduced in evidence, and the admission of Wallace as testified to by Mr. Angel, were sufficient to justify the verdict of the jury as to their partnership. Parties plaintiff are not held to the same degree of strictness in proving the partnership of defendants as they are in proving their own partnership when they bring the action as partners. As to defendants Dodridge and Wurtelle there seems to have been no evidence of their connection with the firm except common report, and indeed Wurtelle seems to have been unconnected with the firm even by common report. While this evidence was competent, yet, without the additional evidence that the report was known to Dodridge and Wurtelle, we think it was not sufficient to warrant a judgment against them.

Upon the hearing of the motion for a new trial the court set aside the verdict and judgment as to Wurtelle, and overruled it as to the other defendants. It is insisted by appellants that it was error to modify the judgment by striking out one of the parties. The defendants, by their answer, put in a general denial, and thus deny the partnership, and also their several liability. They are in no way jointly interested in their defense. Upon their motion for a new trial they severally

insist that the evidence is insufficient to establish either their joint liability as partners, or their several liability as individuals. The court, in its discretion, sustained the motion as to defendant Wurtelle, and overruled it as to the others. Section 352 of the Code of Civil Procedure, provides "that in actions against several defendants the court may, in its discretion, render judgment against one or more of them." It is claimed upon the argument that thus diminishing the number of defendants increases the burden of those remaining; but defendants themselves deny joint as well as several liability. If they were not partners with defendant Hoyt, they should not be held. The burden should rest upon him and his partners. If any of the defendants were likely to be prejudiced through the want of evidence on the part of plaintiffs to prove who all of the partners were, the defendants were in a position to furnish the evidence as to the actual members of the firm, and thus distribute the burden where it rightfully belongs. We think the court below had authority to modify the judgment. (*Matheson v. Grant,* 2 How. 279.)

The next alleged error is the overruling of the motion for a new trial on the ground of newly discovered evidence. Evidence was admitted by defendants tending to show that plaintiff drew two checks upon Mr. Cartee after Hoyt & Co. had transferred their interest in the bank, and it is claimed that the drawing of said checks was evidence showing that the plaintiff accepted said Cartee for said deposits, and thus released Hoyt & Co. The plaintiff, in rebuttal, denied the signing of said checks, which evidence defendants claim was surprise to them, and they produced the affidavit of said Cartee, on the motion for new trial, to the effect that he (Cartee) would testify that plaintiff, Gaffney, actually signed said checks. The answer contains no allegation that plaintiff accepted said Cartee, and released Hoyt & Co. from said deposit. The answer contains a simple denial of the partnership, the deposit, the refusal to pay and the indebtedness. These constitute the issues. Evidence of release of Hoyt & Co. and acceptance of Cartee would be entirely outside of the issues, and therefore irrelevant and inadmissible. Clearly it was not error to refuse a new trial

upon the discovery of evidence entirely irrelevant to the issues made by the pleadings.

An inspection of the evidence shows that there was no testimony of the liability of either Wurtelle or Dodridge, except that of common report, which was not of itself sufficient to justify the verdict against them. (*Ah Lep v. Gong Choy,* 13 Or. 205, 9 Pac. 483.)

We think the judgment should be further modified by striking therefrom the name of Dodridge as defendant, and affirmed as to defendants Hoyt and Wallace, and that the cause be remanded for a modification in the court below in accordance herewith.

Hays, C. J., and Broderick, J., concurring.