## [No. 1656.]
### BAUDRY ET AL. v. THE EL PASO LUMBER CO.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS—JUDGMENTS.

The rule, that, where trial is to the court, in order to authorize the appellate court to consider the evidence to determine whether or not it is sufficient to sustain the judgment, the judgment must be excepted to and the exceptions preserved in the bill of exceptions does not require that the judgment be set out in the bill either in *haec verba* or substantially. It is sufficient if the bill merely recites that the findings of the court were against the appellant and that judgment was entered thereon to which appellant duly excepted.

2. APPELLATE PRACTICE—FINDINGS OF TRIAL COURT.

Where the findings of fact of the trial court are based upon conflicting evidence they are conclusive on the appellate court, if there is evidence to support the findings, unless there is such a preponderance against the finding as to compel a reversal.

*Appeal from the District Court of El Paso County.*

Mr. JOHN K. VANATTA, for appellants.

Mr. JOHN W. SHEAFOR, for appellee.

BISSELL, P. J.

The El Paso Lumber Company, contending that they had

sold a lot of material to one Baudry who as contractor had made an agreement with Fyffe & Cover to erect a building, filed a mechanic's lien for the value and brought suit to foreclose it. The case was tried to the court without a jury and on the conclusion of the evidence the court rendered a judgment in favor of the material men, from which the owners appeal.

The appellants present to us no proposition of law, either on the admission or rejection of testimony or on the rulings of the court, but rely wholly on the one single proposition that the judgment is not supported by the evidence. This is all there is in the appeal.

The appellee contests the consideration of this question on the point that no exception was saved to the judgment. It is a very well established rule in both courts that there can be no review of the testimony after a trial to the court unless there is an exception to the judgment presented by a bill of exceptions properly signed and authenticated. We concede the rule but we deny its applicability in the present case. There has been in the history of appellate proceedings in this state such a constant presentation of this question that at last the doctrine has been finally settled, and as we have suggested it is not a debatable matter that the exception must appear in the bill in order to entitle the parties to be heard. The present case presents another phase of the question which we deem it best to express an opinion about that the practice may become settled and the appellate courts thereby relieved from the further consideration of such questions. The decisions have carried the doctrine of the necessity for an exception to the judgment to its extreme limit. Beyond what has already been decided we are not inclined to go, nor do we believe the technical rule should be carried any further. We will therefore show what this record contains, and determining this to be enough, it will dispose of the question for the future. The bill of exceptions does not contain the judgment either substantially or in *haec verba*. We hold this totally unnecessary. The judgment appears duly exhibited in the

record filed, and to it the courts may refer to ascertain what the entry was, only requiring it to be presented in the abstract wherever its form is the subject-matter of attack. We do not believe it at all necessary to recite the judgment in the bill of exceptions in order to insist on a review of the evidence where the case is tried to the court. In the present bill there is a substantial recital that on the 13th day of July, 1897, the court rendered its findings in favor of the plaintiff and against the defendants and ordered judgment entered in accordance therewith as fully appears from the transcript of the record attached, and to the findings and judgment the defendants duly excepted. This is substantially all the bill of exceptions recites respecting the judgment and the exception. We hold this statement of the fact that the findings were for the plaintiff and against the defendants and that a judgment was thereupon and in accordance therewith duly entered against the defendant, to which he excepted, is within the rules established by the appellate tribunals of this state, and a sufficient saving of an exception to the judgment to entitle the parties to be heard on this precise question. The appellee's counsel have referred us to a great many cases in which this question has been discussed, but there is none so far as we can see, nor is there any which we know of, which declares a different rule. The only one which has any appearance of holding a different doctrine is *Yuma County v. Lovell*, 20 Colo. 80, but when that decision is examined, it will be observed its facts are not such as to establish or even intimate a contrary view. In that case there was no judgment exhibited to the court by a transcript of record, and none in the bill of exceptions duly authenticated, nor anywhere in any competent fashion was it shown that there had been an adjudication between the parties. Of course in a case of that description the court held the exhibit of a judgment somewhere and in some form indispensable, but there was no attempt to decide that the judgment must be set up in the bill, or that if it had been set up there, it would answer the purpose of a properly authenticated record or transcript which

the statute requires should be filed in order to give the appellate court jurisdiction. In any event, it is not a decision to the point that the judgment proper must appear in the bill of exceptions. Holding otherwise the appellants undoubtedly have so preserved their right as to present the proposition on which they rely.

Notwithstanding this question is preserved, we do not believe the appellants are entitled to a reversal of the case on the record. The appellee insists, and correctly, that as a general proposition wherever a case has been tried to the court or heard by a jury, and the judgment or verdict is against the appellant, and there is evidence in the case on which the judgment or verdict can be predicated, the appellate courts will not interfere. This is quite right and very justly so, because appellate courts are without the means to determine the accuracy of the judgment upon the testimony. It may be as the appellants insist, that this is simply a bookkeeping suit, and in reality the brick was sold to the Newton Lumber Company, and since the Newton Lumber Company received sufficient money to pay for the material, the El Paso Lumber Company may not have a lien, whatever may have been the relations between them and the Newton Lumber Company. On the other hand, there was evidence to show that it was agreed between Baudry, the contractor, and the El Paso Lumber Company that this corporation should furnish the material, paying the purchase price and looking to Baudry for payment. This evidence would seem to show that this was the exact transaction between the parties, that the El Paso Lumber Company should pay for the material and furnish it to Baudry, the contractor, and thereby acquire the right in case of nonpayment to file a lien and enforce their claim against the building. We are wholly unable to determine from the evidence as it is presented to us in the abstract where the truth lies, because there is a most decided and apparent contradiction in the testimony, and not having the witnesses before us and the benefit of their statements, we feel ourselves quite disqualified to determine where the truth

is, or where the actual right lies.   Under these circumstances, we not only have the right, but we are compelled to admit the force of the general rule respecting the conclusiveness of the findings of the trial court, and being unable to decide that there is no evidence to support the judgment, and being forced to the conclusion that it rests on conflicting testimony, and being unable to hold that there is such a decided preponderance with the appellants as to compel us to reverse the judgment, we must affirm it.

The judgment will accordingly be affirmed.

*Affirmed.*