[No. 4448.]

McKenzie v. Murphy et al.

1. Contracts—Sales—Options—Consideration.

An agreement to sell an interest in a mining claim conditioned that the purchasers should pay a certain sum on or before a certain day and should do or pay for doing their proportional share of all work or improvements put on the claim before that time, and which provided that their share of profits for ore shipped from the claim should be paid to the seller as part of the purchase price, was a mere option to purchase within the time mentioned, and the time was of the essence of the contract, and a failure to make the payment within the time, forfeited all rights under the contract. The performing or paying for work on the premises was a part of the consideration of the option and its performance or payment was not in payment of part of the consideration of the purchase such as would vest in the purchasers a right to enforce a specific performance of the contract by tendering the purchase price after the expiration of the time within which the payment was required to be made.

2. Contracts—Options.

Where the holder of an option to purchase real estate permitted the time within which he was required to make a payment to expire without making or offering to make such payment he will not be excused for his neglect on the ground that he was misled by a statement of the grantor that the time for payment was at a later date, where at the time of the alleged statement he had in his possession a duplicate copy of the contract which he afterwards lost before the expiration of the time, and where no application was made to the grantor for leave to inspect his copy of the contract.

3. Appellate Practice—Exceptions—Judgments—Record.

Where the findings and judgment are set out in full in the transcript of record, to challenge the sufficiency of the testimony and findings to support the judgment, it is not necessary that the findings and judgment be set out in the bill of exceptions, but is sufficient to recite that an exception was taken to such judgment.

*Appeal from the District Court of El Paso County.*

Mr. A. F. Woodruff and Mr. Robert Kerr, for appellant.

Mr. W. S. Morris, for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

February 7, 1894, appellant entered into an agreement with Cornelius and E. R. Murphy, whereby he agreed to sell the Murphys an interest in a mining claim. The material provision in the contract is as follows:

"Upon condition, however, that the said parties of the second part shall pay to party of the first part ($1,000) One Thousand Dollars, on or before January 1, 1896, and also to pay for, or do, an equal share according to their interest of all work or improvements put on said claim before that time, and the failure to do so within forty days after work or money has been expended by the party of the first part will work a forfeiture of this agreement."

Following this, the contract recites:

"Parties of the second part further agree that their share of profits received for ore shipped from said claim shall be paid by them to party of the first part, and to apply on the purchase price until said price has been paid in full."

The one thousand dollars mentioned in the contract was not tendered to appellant until January 22, 1896, at which time he refused to accept it, or execute a deed, because it had not been offered within the time fixed by the contract. The Murphys thereafter commenced an action to enforce the specific performance of the contract, or for damages in the event McKenzie was unable to deed them the property.

According to the contention of counsel for appellees, their complaint was framed upon the theory that by the performance of, or payment for, the work mentioned in the contract, and entering into the possession of the premises, they thereby performed one of the essential stipulations which rendered the

contract one of sale and purchase partly performed; that time was not of the essence of the contract, because not expressly stated, as to the payment of the thousand dollars purchase money, or, if it was, that they were excused from tendering it at the time provided in the contract, because they had been misled by McKenzie as to the date when payable. From a judgment in favor of the plaintiffs, the defendant appeals.

Of the several propositions argued by counsel for appellant it is only necessary to consider two: (1) Was time of the essence of the contract as to the payment of the thousand dollars purchase price; and (2) did the defendants establish such an excuse for their failure to tender the purchase money within the time fixed by the contract, that they were relieved from a strict compliance with its terms as to the time of payment of that sum?

1. The plaintiffs claim to have performed that condition of the contract which required them to pay for, or do, an equal share, according to their interest, of all work or improvements placed upon the mining claim during the period within which they might consummate the purchase by the payment of the thousand dollars. This claim upon their part is not denied, and the first question to consider is the character of the contract in question. That is to say, was it a mere option to purchase which they secured from McKenzie, or did they, by performing or paying for the work thereby pay a part of the consideration for the purchase of mining premises? They were under no obligation to perform or pay for the work mentioned, or pay the purchase price, except at their option, while on the other hand, if they complied with the conditions of the agreement McKenzie was bound to convey them the interest named. They could abandon the contract if they saw fit, and

McKenzie would have no cause of action against them, whereas, on the other hand, if they complied with its terms, they could compel a conveyance. In this respect the contract was not mutual. The value of the work or improvements was not fixed. It might be considerable, or it might even be nothing, because, according to the terms of the agreement, the Murphys were only required to pay for or perform their share of improvements placed upon the claim during the period within which they could exercise the right to purchase. They could have avoided the necessity of performing or paying for any work by at once paying the thousand dollars. They need not pay for any work which McKenzie performed, for by doing the equivalent, the terms of the contract on this subject were satisfied. If they took the property they had the benefit of this work; if not, it inured to the benefit of McKenzie. The contract recited that if the Murphys did not perform or pay for the work contemplated, the agreement would be forfeited. What would the Murphys lose in case of such forfeiture? Simply the right to purchase for the sum of one thousand dollars, within the specified time. Again, the Murphys agreed that their share of profits arising from the sale of ores shipped from the premises should be paid McKenzie and applied upon the purchase price until paid in full. This certainly referred to the thousand dollars. It is apparent, therefore, that the ultimate purpose of the contract, so far as the Murphys were concerned, was to secure to them the exclusive privilege of purchasing at a given price within a specified time, and that the provision with respect to paying for or performing work upon the premises was part of the consideration for the option to purchase, and not a part of the consideration for the purchase. We therefore conclude that the contract was merely an option to pur-

chase. It did not specify that as to the payment of the purchase price time was material, but in contracts of this character, where no part of such price is paid, payment of the purchase money within the life and limit of the option, where not otherwise specified, is a condition precedent to the vesting of any right in the vendee to a conveyance, and time, therefore, is of the essence of such contract with respect to the payment of the purchase price.—*Loveland v. Fiske,* 18 Colo. 201. This is especially true as to contracts, which are unilateral, for the sale of mining property, when no part of the purchase money has been paid, because of its fluctuating character. Were the rule to be relaxed as to this class of property in such cases, so that the proposed vendor would be compelled to resort to the courts to terminate the equities of the party holding such contract, or await the lapse of that indefinite period designated in law "reasonable time," his property would remain unmarketable, and the holder of the option would be given unreasonable opportunities to speculate by exacting payment for the cancellation of a right for which he had paid nothing as the consideration for the release of imaginary equities.—2 Lindley on Mines, § 859; *Settle v. Winters,* 2 Idaho 199, 10 Pac. 216; *Durant v. Comegys,* 2 Idaho 936, 28 Pac. 425; *Waterman v. Banks,* 144 U. S. 394.

In support of the contention of counsel for appellees, that the Murphys had a reasonable time after the first day of January, 1896, within which to pay the thousand dollars purchase price, because they had entered into the possession of the premises, and paid part of the consideration of the purchase price by performing or paying for work done upon the premises, we are referred to *Byers v. Denver C. R. Co.,* 13 Colo. 552. An examination of that case, however, discloses its distinguishing features from the

one at bar. There the contract of sale contemplated the performance of certain acts which were a part of the consideration of such sale, and conditions precedent to the right of the vendee to demand and receive a conveyance upon the payment of a specified sum, and the latter having partially performed the contract, was entitled to its specific performance upon compliance with the other conditions within a reasonable time after the date fixed therefor. In this case, however, none of the acts of the Murphys upon which they relied as a part performance of their contract were anything more than the performance of conditions for the purpose of keeping their option to purchase alive, and not, as in the Byers case, the performance of acts which the parties contemplated as a part of the consideration for the purchase, or conditions precedent with which they were required to comply in any event before entitled to a deed. If, then, the plaintiffs did not establish a state of facts which excused them from tendering the purchase price on the day specified in the contract, they are not entitled to a decree for its specific performance, or in lieu thereof, a judgment for damages against the defendant.

2. The complaint was challenged by demurrer, upon the ground that it did not state facts which would excuse the plaintiffs from tendering the purchase price on the day fixed by the contract. In substance the statements of the complaint on the subject were, that plaintiffs had been misled by the defendant as to the date when the purchase price was due, and relying upon his statements, they had failed to tender him the money on the date fixed by the contract. Whether or not the complaint is sufficient to excuse the plaintiffs from their failure to strictly comply with the agreement made with McKenzie is not a question which it is necessary to consider, be-

cause it is apparent from the testimony of the plaintiffs, that they have wholly failed to establish a state of facts, even if their testimony was undisputed, which would excuse them from failing to tender the purchase money within the period fixed by the agreement. The contract was executed in duplicate, one copy being retained by McKenzie, and the other by E. R. Murphy. The Murphys claim McKenzie had stated to them that the contract did not expire until February 7, 1896. From this they contend they understood from him that they had until that date within which to pay the thousand dollars purchase money. Their testimony on that subject is to this effect: That sometime in the summer of 1894 the Murphys and McKenzie were at the cabin of E. R. Murphy; that Cornelius and E. R. Murphy had been discussing between themselves the date when the contract would expire, one of them contending that it was February 6, and the other, February 7, 1896. They referred the matter to Mr. McKenzie, who was present, who stated that it was February 7. At the time of this conversation Mr. E. R. Murphy had in his possession at his cabin the duplicate of the contract which had been delivered to him. It appears that this contract was subsequently lost, sometime during September following. It does not appear that after this loss they made any application to the defendant for leave to inspect the contract in his possession, or any effort whatever to ascertain the date when the purchase money was payable. A party cannot excuse his action which is the result of his failure to exercise that reasonable degree of care to ascertain the truth or falsity of an alleged representation of fact, upon which he claims to have relied, which ordinarily prudent persons would exercise in like circumstances.—*Long v. Warren,* 68 N. Y. 426. Nor will a person who claims to have been

imposed on by the fraud of another be entitled to relief on that account if he had full means of detecting the fraud, and ascertaining the truth, and neglected to inform himself.—*Pratt v. Philbrook,* 33 Maine 17. The whole claim of the plaintiffs is based upon the fact that some eighteen months before the purchase price was payable, in a casual conversation relative to when the contract expired, the defendant stated it was February 7, 1896. At this time Mr. E. R. Murphy had in his possession a copy of the contract. Notwithstanding the fact that this was a most important question, which it was necessary for the Murphys to ascertain definitely in order to protect their rights, they did not refer to their copy. A few weeks later its loss is discovered , and yet they do not apply to Mr. McKenzie for leave to examine his copy, or take any steps whatever to ascertain the date when the thousand dollars was payable, as recited in the contract. They certainly neglected to ascertain for themselves, through means at their disposal, what the contract recited as to the time of payment, and after the loss of their copy, clearly failed to exercise that degree of diligence which ordinarily prudent persons would have exercised in order to ascertain a fact so material to their rights. In such circumstances, if it be fully conceded that McKenzie made the statement he did, the plaintiffs, by their own neglect and indifference to the protection of their interests, are themselves alone to blame for their failure to tender the purchase price in time, if, as contended on their part, it was not tendered on the date specified in the contract because of their belief that it was not due until a later date.

On behalf of the appellee it is contended that no such exception was reserved to the findings and decree of the court as will authorize the review of the judgment upon the ground that it is not supported

by the evidence. This claim is without merit. The findings and judgment are set out in full in the transcript of record as one entry. In the bill of exceptions it is recited that judgment was rendered in favor of plaintiffs and against the defendant, to which the latter duly excepted. With the judgment and findings upon which it is based set out in full in the record proper, it was unnecessary to more than recite in the bill of exceptions that an exception was taken to such judgment. That challenged the findings of fact as well as the sufficiency of the testimony upon which it was predicated.—*Baudry v. El Paso Lumber Co.*, 13 Colo. App. 508.

The judgment of the district court is reversed, and the cause remanded, with directions to dismiss the action.                    *Judgment reversed.*