## BORTLE *a.* MELLEN.

*Supreme Court, First District; At Chambers, February,* 1862.

### FAILURE TO SERVE EXCEPTIONS.

Section 174 of the Code authorizes the court to allow in its discretion exceptions to be served after the time prescribed by section 272 has expired.

Motion for leave to serve exceptions, and to allow sureties on appeal to justify.

This was an action by Richard Bortle and another against William H. Mellen and another, upon a bond given on the discharge of a steamboat from attachment. The cause was tried before a referee, who rendered judgment for the plaintiffs. The defendants' counsel procured various extensions to serve exceptions, until sixty days after notice of the entry of judgment. In the mean time the defendant served notice of appeal, and procured an undertaking to stay proceedings pending the appeal. The plaintiffs excepted to the sufficiency of the sureties in the undertaking. Notice of justification was served, but the sureties were prevented from attending by a severe storm. The time to serve exceptions expired, and the plaintiffs refused to extend it. The defendant made the present motion.

*Benedict, Burr & Benedict,* for the motion.

*D. & T. McMahon,* opposed.

LEONARD, J.—The case of Beach *a.* Gregory (2 *Abbotts' Pr.,* 203; and 3 *Ib.,* 78) is authority adverse to the defendants' motion. On the other hand, Sheldon *a.* Wood (14 *How. Pr.,* 18) is a case in which the right to permit exceptions to be filed after the time allowed by section 272 of the Code has expired, was exercised by the Superior Court.

The true construction of section 174 warrants the exercise of such authority in the discretion of the court.

In the present case the time to file exceptions was permitted by the defendants to elapse, after it had been extended by consent for several weeks beyond the time required by the Code.

I think no satisfactory excuse has been offered for this neglect, or for the neglect since occurring in not moving.

Without exceptions the appeal will not serve to obtain a review of the decision, and will not result in any practical utility to the defendant in procuring relief from the judgment.

The omission of the sureties to justify has been perhaps sufficiently excused; but it would be useless to permit the sureties to justify, and withhold the relief asked for in respect to the serving and filing case and exceptions.

The motion is denied without costs.