# THE STATE OF NEVADA, Respondent, *v.* WILLIAM SALGE, Appellant.

A person who was a qualified elector under the Constitution of the State, did not become disqualified by the failure to pay his poll tax and to have his name registered, until after the last day of the first week in October, A. D. 1865.

By the provisions of the Registry Law, all persons had until the last day in the firs week in October, A. D. 1865, within which to have their names registered; no disqualification would result until after that time. An elector otherwise quali- fied would therefore be a cempetent juror until after the expiration of the first week in October.

Held error to disallow a challenge to a juror who, on his *voir dire*, stated "that he was born in the Province of Canada, and lived there until he was twenty-one years of age; that he had been *told* that his father was a citizen of the United States prior to the time of removing to Canada; that he had no knowledge that his father became a citizen of Canada; and also that he did not know of which country his father claimed citizenship; that his residence and home was in Canada so long as he knew anything about it, and that he (the juror) had never been naturalized.

When all that is known of a person's citizenship is that his residence and home has been in a foreign country, the mere statement of a stranger that he was a citizen of the United States is not sufficient to establish his citizenship in this country against the presumption which would arise from his home being in another country.

The time prescribed by the Practice Act within which a bill of exceptions in a crim- inal case is to be signed by the Judge is merely directory.

APPEAL from the District Court of the Eighth Judicial Dis- trict, State of Nevada, Douglas County, Hon. DANIEL VIRGIN presiding.

The facts in this case appear sufficiently in the opinion of the Court.

*J. J. Musser*, *J. Neely Johnson* and *Thos. Wells*, Attor- neys for Appellant.

*Geo. H. Nourse*, Attorney General, for the State.

Errors in law occurring at the trial in criminal cases can only be brought to the Supreme Court for review by *bill of exceptions* signed by the Judge. The only variation from this rule is in the matter of the Judge's charge. (Laws of 1861, p. 480, sec. 421.)

Even if the *statement* sent up to this Court might be con- sidered by the Court, no error is shown at the trial, for no dis- qualification of any juror is shown.

The juror, D. Smart, is an "elector" under the Constitution and laws of the State. That he has not complied with the requirements of law (registration and payment of poll tax) necessary to the exercise of his right to vote makes him none the less an "elector." As well may he be said not to be an

" elector" because he does not choose to go to the polls and vote on election day.   The registration is merely a means of ascertaining who are electors, not an additional *qualification* required of an elector.   The payment of poll tax is also merely a condition precedent to registration.

The juror Sackrider is an American citizen, being born 'of American parents then resident in Canada.   His father's birthplace and his own are known to him only by family reputation.   We have in the transcript the same evidence of his father's being an American citizen by birth that we have of his own in Canada.   (Act of Congress, approved February 10, 1855 ; Dunlop's Digest U. S. Laws, p. 1451.)

But it is probably unnecessary to pass upon any of these questions, as in fact there is no appeal in the case.

The statute, p. 486, section 474, requires the appeal to be taken " by the service of a notice in writing on the Clerk of the Court in which the action was tried, stating that the appellant appeals from the judgment."

No such notice was served on the Clerk in this case.   The notice in this action is addressed to the District Attorney, and not to the Clerk.


Opinion by Lewis, C. J., Beatty, J., concurring.


The challenge to the juror Smart was properly disallowed by the Court.   That he had not paid his poll tax or had his name registered at the time of the trial of this cause can be no objection to him as a juror.

The Constitution of the State, Section 1, Article II., provides that every white male citizen of the United States (not laboring under certain disabilities) of the age of twenty-one years and upwards, who shall have actually and *not* constructively resided in the State six months, and in the district or county thirty days, next preceding any election, shall be entitled to vote for all officers that now are or hereafter may be elected by the people, and upon all questions submitted to the electors at such election.

This section enumerates all the qualifications which were

required at the time the Act requiring the payment of poll tax and registry of the names of electors became a law.

All persons who were qualified voters under the Constitution would certainly continue to be so until they became disqualified by a failure to comply with the requirements of the registry law.

It cannot be said that the juror had failed to comply with that law, for by its provisions he had until the last day of the first week in October within which to have his name registered.

The disqualification results only from the failure of the person to have his name appear on the register upon the day of the election. (Laws of 1864–5, p. 386, sec. 17.) Therefore, until the time expires within which by law he was required to have his name registered, it cannot be said that he had failed to comply with it.

This case was tried in July; the time had not expired within which the juror was required to register his name, and he was therefore qualified to sit as a juror. What might be the result if the case had been tried after the last day in the first week of October, and the juror had failed to comply with the law, is a question which does not arise in this case, and which we do not pass upon.

The Court, however, erred in disallowing the challenge to the juror Gilbert Sackrider, who stated upon his *voir dire* that he was born in the province of Canada, and lived there until he was twenty-four years of age. He had been told that his father was a citizen of the United States prior to removing to Canada, which was before his (the juror's) birth, and that he never had any knowledge that his father became a citizen of Canada. He also stated that he did not know of which country his father claimed citizenship; that his residence and home was in Canada so long as he knew anything about it, and that he (the juror) had never been naturalized as a citizen of the United States. The counsel for defendant thereupon challenged the juror, stating as the ground for such challenge that he was not a citizen of the United States, and therefore incompetent to sit as a juror; the Court disallowed the challenge, admitted the juror, and the defendant excepted. This ruling of the Court among others is assigned as error.

It is provided by Act of Congress that persons.heretofore born, or hereafter to be born, out of the limits and jurisdiction of the United States, whose parents were, or shall be at the time of their birth, citizens of the United States, shall be deemed and considered citizens of the United States. (Dunlop's Digest, 1450.)

If it is shown that Sackrider comes within the provisions of this law, he was properly admitted as a juror; but looking at his statement in the most favorable light possible for the prosecution, it must be admitted that his citizenship is extremely doubtful. The only expression used by him which in any way favors the presumption that he is a citizen of the United States is, that he was told that his father was a citizen of the United States prior to his removal to Canada, but he afterwards says distinctly that he does not know of which country his father claimed citizenship, and that he himself has not been naturalized as a citizen of the United States. Indeed, every fact which he states of his own knowledge favors the conclusion that he is not a citizen. So long as he can remember, his father's home and residence was in Canada. This would raise the presumption that he was a citizen of that country, and there is nothing to overcome that presumption but the statement of some one that he was a citizen of the United States, which does not seem to have been sufficient even to satisfy the juror himself that such was the fact, for he says positively that he does not know of which country his father claimed citizenship.

When all that is known of a person is that his home and residence has been in a foreign country, the mere statement of a stranger that he was a citizen of the United States we do not think sufficient to establish his citizenship in this country against the presumption which would arise from his home and his residence being in another.

The defendant's challenge should, therefore, have been allowed.

The objection to the record by the Attorney General is undoubtedly well taken, but as the time prescribed by the Practice Act, within which the bill of exceptions is to be signed by the Judge, is merely directory, and the statement

or bill of exceptions in this case being admitted to be correct, and as the dismissal of the appeal would result only in delay and further expense, we may be justified in passing upon the merits at this time. (*People* v. *Wappen*, 14 Cal. 437; *People* v. *Lee*, Ib. 511.)

Judgment reversed and cause remanded for new trial.