Opinion of the Court—Strahan, J.

[Filed April 16, 1888.]

## CHE GONG AND FONG LONG DICK v. L. B. STEARNS, CIRCUIT JUDGE, FOURTH DISTRICT.

BILL OF EXCEPTIONS—TIME OF SIGNING.—There is no statute in this State fixing the time within which a circuit judge may sign a bill of exceptions.

BILL OF EXCEPTIONS—POWER OF THE CIRCUIT JUDGE.—If during the progress of a trial a party took exceptions which were reduced to writing or noted on the judge's minutes, and for any satisfactory cause he was unable to have his bill of exceptions drawn out in form and signed during the term, the judge who presided at the trial has the power to sign the same afterwards, and it becomes a part of the record with the same effect as if signed during the term.

MOGAN v. THOMPSON, 13 OR. 230.—This case, so far as it is in conflict with this opinion, is overruled.

MANDAMUS—POWER OF SUPREME COURT.—As incident to and in aid of its appellate jurisdiction, this court has the power by writ of mandamus to require a circuit judge to settle and allow a bill of exceptions.

APPEAL from Multnomah County.

*Williams & Wood,* and *P. H. De Arcy,* for Petitioners.

*Rufus Mallory,* and *N. D. Simon, contra.*

STRAHAN, J.—During the present term the plaintiffs filed their petition in this court, praying that an alternative writ of mandamus issue, directed to Hon. Loyal B. Stearns, judge of the Fourth Judicial District, requiring him to settle and sign a bill of exceptions, or to show cause why he refuses. The writ was awarded, and the return is now before the court, and will be more particularly referred to presently.

It appears from the petition and exhibits that on the thirteenth, fourteenth, and fifteenth days of December, 1887, the plaintiffs were tried for the crime of murder in the first degree in the Circuit Court of the State of Oregon, for Multnomah County, and that Hon. L. B. Stearns presided as judge at said trial; that numerous exceptions were taken by the petitioners to the rulings of said court during the progress of said trial; but that the same were not then written out and signed by said judge, and that the trial resulted in a verdict of guilty as charged in the indictment, and the petitioners were sentenced to be hanged. At the conclusion of the trial, the attorneys for the

petitioners asked and obtained leave of court to present a bill of exceptions to the judge for his signature within ten days. No bill of exceptions appears to have been presented for the judge's signature within the time specified in the order. Thereafter other counsel appeared for petitioners, and tendered a bill of exceptions to the judge for his signature on the sixteenth day of February, 1888.

The return is in the nature of a demurrer to the writ. It does not controvert any of the facts alleged, but.alleges in substance that it affirmatively appears that no bill of exceptions was prepared or tendered to said judge within the term at which the trial was had, nor within any extension of time for that purpose, and that no bill of exceptions was tendered until after the final adjournment of the court for the term, and after said judge had lost all jurisdiction or control over the matter, and was and is wholly without power or authority to settle or sign said bill.

The question as to the sufficiency of this return has been argued, and it is the only contested point before us. The question presented for determination is whether or not, in any case or under any circumstances, a circuit judge has the power to sign and allow a bill of exceptions embodying the exceptions taken and allowed during the progress, but not then written out for want of time or other sufficient cause.

1. No time is fixed by any statute in this State within which a circuit judge may sign a bill of exceptions, or denying his right to sign it after the term. Hill's Code, section 231, provides: "The point of the exception shall be particularly stated, and may be delivered in writing to the judge, or entered in his minutes, and at the time *or afterwards* be corrected until made conformable to the truth;" and section 233 provides: "The statement of the exception *when settled and allowed* shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause. . . . ."

In *Ah Lep* v. *Gong Choy*, 13 Or. 205, this court had under consideration the question presented by this record. In that case the judgment was entered on the sixteenth day of March,

1885, and the notice of appeal was served two days thereafter. On the first day of October, 1885, the bill of exceptions was settled and allowed by the judge who presided at the trial, and on the same day was filed with the clerk. This court will notice judicially that the terms of the Circuit Court of Multnomah County are on the third Monday in January, the first Monday in May, and the first Monday in September, so that two terms of court intervened between the date of the judgment and the signing of the bill of exceptions in *Ah Lep's Case, supra.* In that case the language of Goldthwaite, in *Etheridge* v. *Hall*, 7 Port. 47, is quoted with approbation, to the effect that the court did not wish to be considered as expressing the opinion that the practice of signing bills of exceptions after the termination of the court is proper; but cases may exist in which it is necessary to pursue this course, as it is not infrequent that sufficient time is not allowed to enable a judge to examine them during the term; or counsel may be too busy to prepare them, etc. And THAYER, J., said: "I am unable to discover that the law has absolutely prescribed *any definite time* in which the exceptions shall be put in form and signed. The bill of exceptions should be tendered to the judge immediately after the trial, unless a definite time is given therefor. The nature of the affair requires this to be done, but the settlement and allowance of the statement of it may necessarily occupy a long time. In my opinion that matter should be left largely to the convenience of the trial judge." So in considering the effect of a provision in the Code of California requiring a bill of exceptions to be made within ten days after the trial, the Supreme Court of that State said: "We think that the statute directing a statement to be made within ten days, and signed by the judge in a criminal case, is directory merely. The phraseology is different from that of the practice act in reference to like provisions in civil cases, and the reason of the rule is likewise different. It would be holding the rule with great vigor to hold a prisoner absolutely precluded of his rights by the failure of the judge to settle or sign a statement within a limited time." (*People* v. *Woppner*, 14 Cal. 437.) And the same principle is announced in *People* v. *Lee*, 14 Cal. 510.

In *People* v. *White*, 34 Cal. 183, the bill of exceptions was not settled and allowed until nearly a year after the trial, and the attorney-general suggested that the same should be disregarded; but the court refused to act upon this suggestion and said: "Why there was so long delay does not appear; but it is settled that the statute in relation to the time within which bills of exceptions should be tendered and settled is directory (Crim. Prac. Act, § 435), and that this court will not inquire into the reasons which induced the judge below to sign them after the time fixed by the statute, but will presume they were sufficient." A similar statute in the State of Nevada has received the same construction. (*State* v. *Salge*, 1 Nev. 455; *State* v. *Baker*, 8 Nev. 141.)

Many cases might be cited which hold that the power of the judge to sign a bill of exceptions ends with the term at which the trial was had; but a number of those cases hold that under very extraordinary circumstances the power to sign and seal a bill of exceptions may be exercised after the term. (*Herbert* v. *Butler*, 14 Blatchf. 357; *Whalen* v. *Sheridan*, 18 Blatchf. 308; *U. S.* v. *Breitling*, 20 How. 252; *Marye* v. *Strouse*, 5 Fed. Rep. 494; *Coe* v. *Morgan*, 13 Fed. Rep. 844; *Dredge* v. *Forsyth*, 2 Black, 563; *Sheldon* v. *Wood*, 14 How. Pr. 19; *Bortle* v. *Mellen*, 14 Abb. Pr. 228.) No doubt the better rule of practice is to have the bill of exceptions signed and filed during the term at which the judgment is rendered, or such further time as may be allowed by order for that purpose; but in a mere matter of practice which may be affected by circumstances that cannot be foreseen, I am unwilling to lay down an unbending inflexible rule which shall tie the hands of the circuit judges and prevent them from completing the record in cases tried before them, if not done during the term or within some time to be fixed by order. It is a power that pertains to the records of the Circuit Courts, and I think its exercise may be safely left to the sound judicial discretion of the circuit judges. In their hands it is not likely to be abused, but will be used in furtherance of justice. A party has a right of appeal, to be exercised in a civil case within six months after the judgment, and in a criminal

case within one year thereafter. If during the trial he took exceptions which were reduced to writing, or noted on the judge's minutes, and for any satisfactory cause was unable to have his bill of exceptions drawn out in form and signed during the term, there can be no doubt that the judge who presided at the trial has the power to sign the same afterwards, and it becomes a part of the record with the same effect as if signed during the term.

The misapprehension of the learned circuit judge as to his power in this matter no doubt grew out of the decisions of this court in *Holcomb* v. *Teal*, 4 Or. 352, and *Mogan* v. *Thompson*, 13 Or. 230. *Holcomb* v. *Teal* cannot be considered as an authority on this point, after what was said by THAYER, J., in *Ah Lep* v. *Gong Choy, supra;* and after a careful re-examination of the subject we feel constrained to say that in so far as *Mogan* v. *Thompson, supra,* is in conflict with what is here said, the same must be considered as overruled. No question is made as to the power of this court as incident to and in aid of its appellate authority, to grant the relief prayed for, further than to say that it is the remedy provided by law to enforce the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Hill's Code, § 593; Moses on Mandamus, 19; High on Extraordinary Legal Remedies, §§ 199, 200.) I think it proper to add that if the bill of exceptions were only to be signed because the circumstances are extraordinary and unusual, that enough is shown to entitle the petitioners to the writ. The prisoners are under sentence of death. Through some misunderstanding with their counsel they failed to have their aid in the preparation of a bill of exceptions within the time fixed by the order of the court, and without the aid of counsel, they were entirely helpless. The bill of exceptions tendered, if true, furnishes ample reason for placing this case in a condition to be heard before this court.

In addition to these facts the petitioners are imprisoned without bail; are Chinamen and unable to speak or understand the English language to any considerable extent, and had no money with which to employ counsel after the trial ended. Nor can it

be overlooked in this connection that the circuit judge has certified that in his opinion there was probable cause for an appeal. It follows from what has been said that the return is insufficient.

Let the writ issue requiring the circuit judge to settle, sign, and allow a bill of exceptions, according to the facts as they occurred upon the trial of the petitioners before him.