Decided April 5, 1897.

McELVAIN v. BRADSHAW.

(48 Pac. 424.)

Mandamus to Compel Settlement of Bill of Exceptions—Discretion.—Mandamus will not lie to compel a circuit judge to allow a bill of exceptions after failure of the appellant to present the same within the time allowed therefor, where the excuse for the delay is inability to obtain a copy of the official report from the stenographer, and a mistaken belief as to the time allowed for presenting the bill.

Discretion of Court in Settling Bills of Exceptions.—A trial judge has a wide discretion in the matter of presenting and settling bills of exceptions, and the appellate court will not attempt to control his action by mandamus except under unusual circumstances. The practice in such matters should be liberal, however.

Application by M. E. McElvain against W. L. Bradshaw, Circuit Judge, for a mandamus.

Denied.

For the plaintiff there was an argument by *Messrs. E. B. Dufur* and *W. H. Wilson.*

For defendant there was an argument by *Messrs. A. A. Jayne,* District Attorney, and *Cicero M. Idleman,* Attorney-General.

Opinion by Mr. Justice Bean.

This is an original proceeding in this court, by mandamus, to compel the judge of the seventh judicial district to settle and sign a bill of exceptions in a criminal action. The facts, as shown by the alternative writ, answer, and accompanying affidavits, so far as material to any question before us, are, in substance, that on October 6, 1896, the petitioner was convicted in the Circuit Court for Sherman County of the crime of forgery, and on the following day sentenced to the penitentiary for the term of two years. During his trial numerous exceptions were taken to the rulings of the court, but they were not reduced to writing at the time, and his counsel asked for and were allowed thirty days after the term in which to prepare and tender a bill of exceptions, but they allowed it to expire without doing so. Thereafter, and on the 1st of December, 1896, what purports to be a bill of exceptions, a copy of which is annexed to and made a part of the petition was tendered to the trial judge, but he refused to settle or allow it, because, as stated in his answer to the alternative writ, "the plaintiff and petitioner herein and his attorneys, and each of them, had been guilty of carelessness, and that the court had no right to excuse such carelessness on the part of the attorneys in reference to the order of the court, as it would destroy the effect and power of the orders of the court, and place a premium on carelessness," and "that the plaintiff and petitioner,

nor his attorneys or either of them, have never applied to or asked this defendant for an extension of the time within which to prepare and present said bill of exceptions, but have carelessly and negligently allowed the time to go by, without preparing or presenting the same, or asking for an extension of time in which to do so, and that this defendant was at all times within the time fixed by said order ready and willing to sign and file a proper bill of exceptions in said case, and was willing upon a proper showing to have extended the time within which said bill of exceptions could have been presented, but the plaintiff and petitioner, and his attorneys and each of them, wholly disregarding said order, carelessly and negligently failed and refused to prepare and present said bill of exceptions within the time fixed by said order, or to ask within said time for an extension of time in which to do so."

It is well settled that mandamus lies in a proper case to compel a trial judge to settle and sign a bill of exceptions, but not to direct him what to put in such bill where there is any controversy as to what it should contain: Elliott on Appellate Court Procedure, § 516; High on Extraordinary Remedies, § 200; 3 Enc. Pl. & Pr. 489; *People* v. *Anthony*, 129 Ill. 218 (21 N. E. 780); *Jelley* v. *Roberts*, 50 Ind. 1; *State ex rel.* v. *Hawes*, 43 Ohio St. 16 (1 N. E. 1). And in *Che Gong* v. *Stearns*, 16 Or. 219 (17 Pac. 871), it was held that this court, as an incident to and in aid of its appellate authority, had a right to exercise the power in a criminal case, although the bill was not presented or tendered to him within the term at which the trial was had nor within an extension of time allowed for that purpose, and this must be regarded as the settled law of the State. It follows, then, that the only question for our determination is whether the circumstances attending the case at bar call for its exercise, and upon this

question the Stearns case is not in point. That case, as will be observed from the opinion, was heard on a demurrer to the writ, and the question was "whether or not, in any case or under any circumstances, a circuit judge has the power to sign and allow a bill of exceptions", after the time allowed for that purpose, and when it was determined that such power existed, the writ issued as a matter of course. But in the case before us Judge Bradshaw has answered, and says that he refused to sign the bill, not for want of authority, but because, through carelessness and negligence, it was not tendered within the time allowed. Our statute does not prescribe the time in which a bill of exceptions shall be presented for settlement and allowance, and in practice it is permitted after the expiration of the term at which the trial is had; but obviously it should be done whilst the evidence and rulings of the court are fresh within the recollection of the trial court and counsel, and, therefore, it is eminently proper that it be settled either during the term or within some definite time thereafter: 3 Enc. Pl. & Pr. 468. But, while this is so, an order to that effect is not conclusive, but the trial judge may disregard it, and sign the bill after the expiration of the time allowed (3 Enc. Pl. & Pr. 462; *Marye* v. *Strouse*, 5 Fed. 494; *Coe* v. *Morgan*, 13 Fed. 844); and if he does so, we will not inquire into the reasons which may have induced the act, but will presume they were sufficient.

The right of a trial court to limit the time for the settlement of a bill of exceptions is indispensable to the orderly administration of the law, and it is entirely proper that the appellant be required to tender his proposed bill within the time fixed, or give a sufficient excuse for not doing so. But, when a reasonable excuse is shown, the trial judge should not hesitate to settle and allow it, notwithstanding the expiration of the time. It would be a very rigorous doctrine to hold that an appellant should

be deprived by circumstances over which he had no control of the benefit of the exceptions taken by him during the progress of a trial. But whether the bill shall be settled and allowed after the time limited is a matter within the sound judicial discretion of the trial judge, the exercise of which cannot be controlled by mandamus, save under circumstances which do not appear in this case. The reasons given by the petitioner for not tendering the bill within the time allowed are, briefly, (1) his alleged inability to obtain from the stenographer a copy of the official report of the trial from which to prepare it; and (2) a mistaken belief that sixty days had been allowed for that purpose, neither of which is sufficient to support the proceeding. The first, no doubt, would have been considered good ground for granting an extension of time, if a proper application had been made therefor; and the second was an error of counsel, which, under the circumstances, would manifestly have justified the trial judge in excusing the default, but it is not sufficient to authorize us to compel him to do so. It is, therefore, believed that we would not be justified in requiring the defendant to settle and sign the bill after his refusal to do so. It follows that the writ must be dismissed, and it is so ordered.

WRIT DENIED.

Argued January 4; decided April 5, 1897; rehearing denied.