Decided 15 April, 1903.

### HAYES v. CLIFFORD.
[72 Pac. 1.]

MANDAMUS TO COMPEL SIGNING OF BILL OF EXCEPTIONS—DISCRETION.
Under the practice in Oregon, a considerable discretion is vested in trial judges as to settling and signing bills of exceptions, and their decisions will not usually be disturbed by mandamus. This is especially true where no time was asked to prepare the bill, and the term at which the judgment was entered has expired without the bill being tendered or the matter being continued for further hearing.

An original petition for a writ of mandamus by George W. Hayes against Morton D. Clifford, judge of the Ninth Judicial District.          WRIT DENIED.

Mr. William H. Holmes for the petitioner.

Mr. Morton D. Clifford, in pro. per., contra.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a special proceeding, instituted in this court April 2, 1903, to compel the judge of the Ninth Judicial District to settle and sign a bill of exceptions. It is alleged, in substance, in the alternative writ of mandamus, that on May 6, 1902, the plaintiff, George W. Hayes, having been convicted in the circuit court for Harney County of the crime of adultery, was sentenced to imprisonment in the penitentiary for the term of one year; that, desiring to review said judgment, he caused to be prepared a notice of appeal, which was ready for service, and employed counsel to conduct the cause in this court; that he had incurred great expense in securing a full and correct transcript of the testimony, which had been extended by the official reporter from stenographic notes taken at the trial; that he had prepared a bill of exceptions, pointing out in a succinct man-

ner the errors relied upon to secure a reversal of the judgment,
a copy of which is attached to his petition, which proposed bill
is a true and correct statement of what occurred at the trial;
that on March 28, 1903, his attorney presented said bill of ex-
ceptions to the defendant, and requested him to allow and sign
it, but he declined to do so, whereupon the said writ was sued
out, requiring him to settle, allow, certify, and sign said bill of
exceptions, or to show cause at the time appointed, if any he
had, why he had not done so.    The defendant, for answer,
states, in effect, that during the trial of the criminal action
numerous exceptions to the rulings of the court were taken, but
not then reduced to writing, nor was any extension of time
sought by the plaintiff in which to prepare and present a bill
of exceptions; that, when the time for passing sentence upon
him had arrived, his attorneys stated in open court that they
did not intend to present a bill of exceptions or take an appeal,
whereupon he was sentenced as above stated, and immediately
thereafter incarcerated in the penitentiary, from which he was
released after having served about eight months; that the de-
fendant never had an opportunity to compare the proposed bill
of exceptions with the transcript prepared by the official ste-
nographer, and was unable to say whether or not it was correct,
and, said judgment having been fully satisfied, he had for these
reasons declined to sign the bill of exceptions.

A year not having elapsed since the judgment, an appeal to
the supreme court therefrom may be taken (B. & C. Comp.
§ 1467); but, the exceptions not having been reduced to writ-
ing during the trial, nor the time extended in which to submit
the same for allowance, the question to be considered is
whether, under such circumstances, the defendant can be com-
pelled to certify and sign a bill thereof.    An exception is an
objection taken at the trial to a decision upon a matter of law:
B. & C. Comp. § 169.    The point of the exception shall be par-
ticularly stated, and may be delivered in writing to the judge,
or entered in his minutes, and at the time or afterwards be cor-
rected until made conformable to the truth: B. & C. Comp.
§ 170.    No particular form of exception shall be required.

The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more: B. & C. Comp. § 171. The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause: B. & C. Comp. § 172. Though the exception must be taken at the trial, the statute does not fix the time when the bill of exceptions shall be prepared and presented to the judge for allowance. In *Ah Lep* v. *Gong Choy,* 13 Or. 205 (9 Pac. 483), Mr. Justice THAYER, in speaking upon the subject, says: "I am not able to discover that the law has absolutely prescribed any definite time in which the exceptions shall be put in form and signed. The bill of exceptions should be tendered to the judge immediately after the trial, unless a definite time is given therefor." In *Che Gong* v. *Stearns,* 16 Or. 219 (17 Pac. 871), Mr. Justice STRAHAN says: "No doubt, the better rule of practice is to have the bill of exceptions signed and filed during the term at which the judgment is rendered, or such further time as may be allowed by order for that purpose." In *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496), it was held that the failure of an appellant to submit his bill of exceptions within the time limited by the trial judge after the expiration of the term does not prevent the judge from thereafter signing it, if otherwise proper. In *McElvain* v. *Bradshaw,* 30 Or. 369 (48 Pac. 424), it was held that a judge of the trial court possessed wide discretion in the matter of settling bills of exceptions, which the appellate court would not attempt to control, except under unusual circumstances, and that, when the bill of exceptions was not presented to the judge within the time allowed therefor, mandamus would not lie to compel a settlement thereof, when the only excuse for the delay was an inability to secure a copy of the official report of the stenographer, and a mistaken belief as to the time prescribed for presenting the bill. In deciding that case, Mr. Justice BEAN, speaking for the court, says: "The right of a trial court to limit the time for the settlement of a bill of exceptions is indispensable to the orderly administration of the law, and it is

entirely proper that the appellant be required to tender his proposed bill within the time fixed, or give a sufficient excuse for not doing so. But when a reasonable excuse is shown, the trial judge should not hesitate to settle and allow it, notwithstanding the expiration of the time.'' See, also, *State ex rel.* v. *Estes,* 34 Or. 196 (51 Pac. 77, 52 Pac. 571, 55 Pac. 25); *Bloch* v. *Sammons,* 37 Or. 600 (55 Pac. 438, 62 Pac. 290); *Nosler* v. *Coos Bay Nav. Co.* 40 Or. 305 (63 Pac. 1050, 64 Pac. 855).

These decisions show that, in the absence of any statute to the contrary, a very liberal policy has been pursued by this court in construing the power of a judge of the trial court to settle and sign a bill of exceptions; the rule adopted being that the matter was within the judge's discretion, which, when exercised, will not usually be disturbed, and that, when the time limited by the judge to prepare and present the bill of exceptions has expired, he will not be compelled by mandamus to sign the same, unless the appellant's application for the alternative writ presents a reasonable excuse for a failure to comply with the terms imposed. No order having been made enlarging the time in which to present the bill of exceptions, the allowance thereof, after the close of the term at which the judgment was given, was a matter within the judge's discretion; and, no reasonable excuse having been given for not securing such extension, his refusal to allow and settle the bill is not, in our opinion, such an abuse of discretion as to warrant an exercise of the extraordinary power invoked. As it is possible to perfect an appeal from the judgment complained of, which will bring up for review the judgment roll, it is not necessary at this time to consider what effect the pardon of the defendant therein may have upon such appeal. It follows that the writ must be dismissed, and it is so ordered.     WRIT DENIED.