On motion ·to strike out bill of exceptions. Argued March 29, decided April 4, 1911. Appeal dismissed upon stipulation February 27, 1912.

## FRANCIS v. MUTUAL LIFE INS. CO.*

[114 Pac. 921.]

COURTS—COURT RULES—EFFECT.

1. Under Section 913, L. O. L., providing that the judges of the circuit court, or a majority of them, shall jointly have power to make all needful rules and regulations not inconsistent with law to render effectual the provisions of this section and facilitate the transaction of business, a court rule authorizing extensions of time for settlement and filing of bills of exceptions has the force of law.

EXCEPTIONS, BILL OF—SETTLEMENT—FILING—COURT RULES.

2. Circuit court rule 19 (91 Pac. X) provides that any party to an action may within 30 days after the entry of final judgment, or after the granting or refusing of a new trial, prepare and file a bill of exceptions; that it shall not be necessary to enter an order granting time to file a bill, unless the court by special order extends or shortens the time; but that the court, on being satisfied that the adverse party or his attorney has had due notice thereof, may on application of either party grant an extension of time to file a bill of exceptions or fix a time for the settlement thereof, and that written notice shall not be required. Judgment having been rendered June 11, 1910, plaintiff, on December 10th following, filed her notice of appeal, and on January 6, 1911, a judge of the circuit court in which the case was tried made an *ex parte* order allowing plaintiff

---

*Dismissed upon stipulation February 27, 1912.—REPORTER.

until January 31st to present her bill of exceptions, and on January 30th made an *ex parte* order allowing plaintiff five additional days therefor. *Held,* that such extension of time to file the bill was not an abuse of discretion. See, also, 55 Or. 280.

From Multnomah: JOHN B. CLELAND, Judge.

Statement PER CURIAM.

In the action by Mary C. Francis against the Mutual Life Insurance Company of New York, a judgment was rendered on the verdict for defendant June 11, 1910. On December 10, 1910, the plaintiff filed her notice of appeal, with proof of service indorsed thereon, and on the 20th of that month filed her undertaking on appeal. On January 6, 1911, a judge of the circuit court in which the cause was tried made an *ex parte* order allowing the plaintiff till "January 31st" to present her bill of exceptions. Afterwards, on January 30th, the same judge made a further *ex parte* order allowing the plaintiff five days additional time to present her bill of exceptions. The record sent to this court discloses that the circuit court has prescribed, among others, rule 19 (91 Pac. X), as follows:

"Any party to a civil or criminal action may, within thirty days after the entry of final judgment, or after the granting or refusing of a new trial, if a motion for a new trial is filed, prepare and file a bill of exceptions. It shall not be necessary to enter an order in the journal granting time to file a bill of exceptions, unless the court, by special order, extends or shortens the time within which to file it. * * The court, upon being satisfied that the adverse party or his attorney has had due notice thereof, may, on application of either party, grant an extension of time to file a bill of exceptions, or a statement of objections thereto, or fix a time for the settlement thereof, but written notice shall not be required."

The case is here presented upon the motion of the defendant to strike out the bill of exceptions, because, when it was certified by the court below, the time, as

provided by the rules of that court, in which said bill might be settled and certified, had long since elapsed.

MOTION DENIED.

*Mr. Jerry E. Bronaugh* for the motion.

*Mr. Miller Murdock* and *Mr. John F. Logan, contra.*

Opinion PER CURIAM.

1. The syllogism of the respondent in support of this motion consists of the major premise that a rule of practice established by a court has the same force and effect as law and of a minor premise that this bill of exceptions was not presented within the term prescribed by the rule, from which the conclusion sought to be deduced is that the bill should be stricken out. The major premise may well be conceded. The statute relating to the transaction of business in the circuit court of the Fourth judicial district prescribes that "the judges of said court, or a majority of them, shall jointly have power to make all needful rules and regulations, not inconsistent with law, to render effectual the provisions of this section and facilitate the transaction of business." Section 913, L. O. L. This statute is but declaratory of the power inherent in all courts of record to establish rules relating to the disposition of business before such courts, and it is settled by the case of *Coyote G. & S. M. Co.* v. *Ruble,* 9 Or. 121, that such rules have the force and effect of law, and are obligatory upon the court making them, as well as upon suitors.

2. The question, then, is remitted under the minor premsie to a construction of rule 19. The Code itself does not prescribe any particular time within which a bill of exceptions may be presented for settlement, and in the absence of any rule on that subject the course of authority is uniform in this State that it is discretionary with the court whether or not it shall settle a bill of exceptions at any time after the trial. *Hayes* v. *Clifford,* 42 Or. 568 (72

Pac. 1). The effect of the rule in declaring that any party to a civil or criminal action may within 30 days prepare and file a bill of exceptions is to obviate the necessity of making an order in each particular case prescribing the time within which the bill shall be presented. The restriction is applied only to the parties. Under this rule the trial court in its discretion might say to the party, "You have not availed yourself of the time allowed by the standing rule," and so deny the application for an extension. On the other hand, the court might, without a showing, extend the time, without any abuse of its prerogative. The rule does not amount to an abdication in any degree of the power of the court in that respect. On the contrary, the last paragraph of the rule expressly reserves to the court the discretion of allowing the extension of time to file a bill of exceptions. It is not stated in the rule that the application for such extension must be made within the 30 days first mentioned. The minor premise of the syllogism is not sustained by a fair construction of the rule.

We cannot say, therefore, that the court has abused its authority, and in the absence of any showing on that subject, aside from the application of the rule, the motion to strike out the bill of exceptions must be denied.

MOTION DENIED.