Argued October 28, affirmed December 8, 1914, rehearing denied
January 26, 1915.

# WEST *v.* McDONALD.

### (144 Pac. 655.)

**Pleading—Amendments—Rejection.**

1. Under Sections 101, 102, L. O. L., providing that the court may, in its discretion, allow a party to amend on such terms as are proper, the granting of an amendment is not a mattter of right, and the trial court may strike out an amended answer filed without leave.

**Appeal and Error—Bill of Exceptions—Transcript.**

2. While Laws of 1913, page 656, provide for the filing of the original bill of exceptions in the Supreme Court, yet as the Supreme Court rules authorizes the setting out of the essential matters in the abstract, a party need not send up the bill of exceptions, where he can print sufficient of it in his abstract.

**Exceptions, Bill of—Time of Settling.**

3. No time being fixed by the statute within which the circuit judge must sign a bill of exceptions, a bill whenever settled will be considered on appeal.

> [As to effect on bill of exceptions of neglect of judge to sign same within the time required by law, see note in Ann. Cas. 1913A, 914.]

**Evidence—Admissibility—Remoteness.**

4. In an action for compensation for digging a well where the terms of the contract were in controversy, evidence as to the drilling of wells in other parts of the county is too remote.

> [As to competency of expert to testify as to whether work was well done, see note in Ann. Cas. 1912D, 903.]

**Evidence—Opinion Evidence—Expert Testimony.**

5. In an action for compensation for drilling a well, an expert well-digger from another state is not disqualified to testify as to general matters relating to the machinery and not dependent upon local conditions.

From Union: John W. Knowles, Judge.

In Banc.    Statement by Mr. Justice Eakin.

This is an action by R. A. West against Duncan McDonald, and is the third appeal of this case, and a full statement of the issues appears in 64 Or. 203 (127 Pac. 784, 128 Pac. 818). It is again reported in 67 Or. 551 (136 Pac. 650). The Farmers' Union Warehouse,

desiring to have a well drilled adjacent to their warehouse, raised a fund of $150 by subscription for that purpose. This defendant, who was one of the subscribers, talked with plaintiff West in regard to doing the work, resulting in an agreement by which plaintiff did some drilling thereafter, and he brought this action to recover $525, the amount claimed as the reasonable value of the work done. The defendant contends that he made an agreement with the plaintiff that if plaintiff produced a well of water at any depth less than 100 feet deep, he was to be paid $1.50 a foot; and if he had to go deeper than 100 feet, he was to complete the well without additional charge over the $150. Plaintiff contends that there was no definite agreement as to the amount the well was to cost. After the case was at issue the defendant filed a second amended answer, which plaintiff moved to strike out for the reason that it was filed without obtaining leave of the court. The motion was allowed. A verdict was rendered in favor of plaintiff for the said sum of $525, from which judgment the defendant appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Turner Oliver* and *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Oliver.*

For respondent there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. Charles H. Finn,* with an oral argument by *Mr. Colon R. Eberhard.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Sections 101 and 102, L. O. L., provide when an amended pleading may be filed, which may be done

only by leave of the court first obtained. It is not a matter of right, but is in the discretion of the court, and it was not reversible error for the court to strike out said answer.

2, 3. There is also a motion to strike out the abstract and bill of exceptions. This motion is based largely upon the contention that the bill of exceptions was not tendered or filed within the time allowed by law, and was not sent to this court with or as a part of the transcript. The law passed in 1913 (Laws 1913, p. 656), making provision for the filing of the. original bill of exceptions in the Supreme Court, requires it to be returned to the Circuit Court when no longer needed in the Appellate Court. The new statute does not necessarily mean that the original bill of exceptions must in every case be sent to the Supreme Court. In the rules of the Supreme Court, 56 Or. 620 (117 Pac. xi), it is provided:

"( * * When the abstract shows issue joined, proceed * * set out so much of the bill of exceptions, or the substance thereof, as is necessary. * * )"

Thus, if the attorney for the appellant can print sufficient of the bill of exceptions in his abstract to fairly present the whole case, he may do so, but if he prefers he may send up the whole bill of exceptions: Laws 1913, p. 656. The abstract in this case does not refer to the bill of exceptions, or give any authority for the statements of fact, nor was the bill of exceptions contained in the transcript, but it was supplied on motion of the plaintiff.

As to the time of settling and filing the bill of exceptions, the case of *Che Gong* v. *Stearns,* 16 Or. 219 (17 Pac. 871), holds:

"No time is fixed by any statute in this state within which a circuit judge may sign a bill of exceptions or denying his right to sign it after the term."

And in *McElvain* v. *Bradshaw,* 30 Or. 569 (48 Pac. 424), Mr. Justice BEAN says:

"But whether the bill shall be settled and allowed after the time limited is a matter within the sound judicial discretion of the trial judge, the exercise of which cannot be controlled by *mandamus.*"

When the trial judge sees fit to settle the bill of exceptions even after the time limited, this court will not disregard it. The bill in this case was so settled by the judge, and will be considered for the purposes of this appeal.

4. Exception was also taken to the admission of testimony as to the drilling of wells in other parts of the county. This testimony was too remote to be material, and does not appear to have been prejudicial.

5. Assignment of error No. 10, relating to the expert testimony of J. H. Lewis, a well-digger from Colorado, is without merit, for the reason that it was not shown that he was qualified as an expert, having drilled no wells in Oregon; also, because of the fact that he was only asked as to drilling in quicksand and through clay, as to buckets used in the quicksand, and as to the use of other tools, which called for general facts and not particular results in Oregon.

On the second appeal of this case the court held:

"The question turns upon the definition of the term 'well,' as applied to the contention of each party. If the plaintiff was not responsible for the results of the excavation, it can be said properly that a well meant nothing more than a mere hole in the ground, for the services in digging which the plaintiff would be en-

titled to recover on the *quantum meruit,* in the absence
of an express agreement. * * The [trial] judge de-
fined it once and for all in his instruction relative to
the defendant's side of the case.    It was not intended
to be conclusive upon the plaintiff, and a fair construc-
tion of the charge will not justify such a construc-
tion.''

The jury made some special findings suggested by
certain questions submitted to them, as follows:

" (1) Did the defendant employ the plaintiff simply
to sink a hole in the ground regardless of finding
water, or did the plaintiff agree to drill until he did
strike water?

"A. The defendant expected to get water, and the
plaintiff did not agree to get water.

" (2) Did the plaintiff strike a good flow of water?
"A. No. * *

" (3) If the plaintiff did strike a good flow of water
did he case off the flow of water?

"A. No.

" (4) Did the defendant notify the plaintiff to con-
tinue drilling after the plaintiff had sunk the well or
hole in the ground 100 feet?

"A. Yes.

" (5) Did the plaintiff agree to sink the well or the
hole in the ground for the amount raised by subscrip-
tion?

"A. No."

The answers to these questions seem to disclose that
the jury well understood the first instruction given by
the court, and clearly indicate that they found the
contract between plaintiff and defendant was not the
one alleged by defendant; that the plaintiff did not find
a flow of water before reaching 100 feet, as indicated
by question 2, and that the plaintiff did not agree to
sink below 100 feet at his own expense.    These special
verdicts indicate that the jury recognized the issues

between plaintiff and defendant, and found against the defendant as to what was contracted, and that the plaintiff did not understand that he was to drill below 100 feet at his own expense. These answers convince us that the jury understood the issues and found on all of them, and the verdict should not be disturbed.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.