## JOSEPH P. HEFFERON v. G. H. REEVES AND ANOTHER.[1]

May 3, 1918.

No. 20,805.

**Negligence of driver — question for jury.**

Where a person leaves a street car and proceeds at an ordinary pace toward the sidewalk, the driver of an automobile who saw him in time to avoid a collision, but in fact ran into him, is not, as a matter of law, free from negligence. The question is for the jury. [Reporter.]

**Damages not excessive.**

The verdict for $800, while liberal, was not so out of proportion to plaintiff's injuries as to warrant the supreme court, after the verdict had been approved by the trial court, in interfering with it. [Reporter.]

**Parties to action — dismissal at trial.**

Defendants cannot complain that at the opening of the trial plaintiff dismissed the action as to the street car companies. Their liability is not caused by any act of the carriers. [Reporter.]

Action in the district court for Hennepin county to recover $17,750 general and special damages for injuries received in a collision with an automobile. The separate answers of C. H. Reeves and The Reeves Coal Company alleged negligence on the part of plaintiff. The case was tried before Leary, J., who denied defendants' motion for a directed verdict, and a jury which returned a verdict for $800 in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Stanley B. Houck*, for appellants.
*William A. Tautges*, for respondent.

PER CURIAM.

Appeal from an order denying defendants' motion for judgment notwith-

[1] Reported in 167 N. W. 423.

standing a verdict for plaintiff, or for a new trial. The term defendants as used herein refers to G. H. Reeves and the Reeves Coal Company only, as the action was dismissed as to the other defendants at the opening of the trial.

Plaintiff, who is blind, alighted from a street car on University avenue in the city of St. Paul and started toward the sidewalk without knowing that an automobile was approaching. Before reaching the curb, he was struck and knocked down by an automobile driven by defendant G. H. Reeves, which was traveling in the same direction as the street car. Plaintiff asserts that the accident resulted from the negligence of Reeves, and defendants that it resulted from the contributory negligence of plaintiff. It occurred in broad daylight. Reeves while 200 feet distant saw plaintiff alight from the street car and watched him as he proceeded toward the sidewalk, but did not know that he was blind and assumed that he would not place himself in the path of the automobile. But where a person leaves a street car and proceeds at an ordinary pace toward the sidewalk, we cannot say as a matter of law that the driver of an automobile who saw him in time to avoid a collision, but in fact ran into him, was free from negligence. Under the evidence, the question of negligence and of contributory negligence was for the jury and was properly submitted to them.

Defendants also complain that the verdict of $800 was excessive. The verdict was liberal as plaintiff's injuries were not serious, although he claims to have been incapacitated from following his usual occupation for a considerable time; but it is not so out of proportion to the injuries as to justify this court in interfering after it has been approved by the trial court.

That plaintiff dismissed the action as to the street car companies at the opening of the trial is not ground for complaint on the part of the present defendants. Their liability does not arise from any act of the street car companies.

Affirmed.