Argued January 17, affirmed January 31, 1928.

## WIGGINS COMPANY, Inc., *v.* H. R. FLEMING.

(263 Pac. 390.)

**Judgment—Striking Third Amended Answer, not Filed Within Time as Extended, and Entering Default Judgment Held not Error.**

Where court sustained demurrer to second amended answer with leave to file third amended answer within three days, and counsel stipulated that defendant should have further time within which to "plead," and defendant failed to file third amended answer until after expiration of additional time given by stipulation, striking out third amended answer and entering default judgment *held* not abuse of discretion.

Appeal and Error, 4 **C. J.**, p. 663, n. 92.
Pleading, 31 **Cyc.**, p. 355, n. 76 New.

From Coos: John C. Kendall, Judge.

Department 2.

[Affirmed.

For appellant there was a brief over the name of *Mr. J. W. McInturff,* with an oral argument by *Mr. Wm. T. Stoll.*

For respondent there was a brief and oral argument by *Mr. W. A. Seaman.*

BELT, J.—On June 19, 1924, plaintiff filed its complaint to recover amount alleged to be due on a conditional sales contract. After demurrer thereto was overruled, defendant answered. Plaintiff thereupon filed its demurrer to this pleading and it was sustained. On July 29, 1924, defendant filed an amended answer. The court again sustained a demurrer to this answer and a second amended answer was filed on November 7, 1924. For the third time a demurrer to the answer of the defendant was sustained. The court, on July 28, 1925, allowed three days' time

within which to file the third amended answer. On August 10, 1925, counsel stipulated that defendant could have until the twentieth day of August, 1925, "within which to plead in the above entitled cause." Defendant, on August 18, 1925, filed a motion for an inspection of certain papers and an order allowing such inspection was entered on the fourth day of the following month. The record discloses that nothing further occurred until October 16, 1925, when plaintiff moved for judgment on the pleadings. On the same date, the defendant, without obtaining permission of the court, filed his third amended answer. Aside from statement of counsel, the abstract of record does not show what disposition was made of this motion, but, on November 28, 1925, the plaintiff filed a motion for default and judgment. On December 1, 1925, the court struck from the files the third amended answer for the reason that it was sham, frivolous and irrelevant, and not filed within time, and entered an order of default and judgment against the defendant. From this last order the defendant appeals. It thus appears that about a year and a half elapsed after the filing of the initial pleading during which the parties were still engaged in what seems to have been a most difficult task of getting this case at issue. It was, indeed, a battle of the pleadings, in which many of the minor attacks and counterattacks we have not mentioned.

Was the trial court right in entering this order of default and judgment? We begin our inquiry when the demurrer to the second amended answer was sustained on July 28, 1925, and the defendant was given three days in which to file his third amended answer. There was no compliance with this order. Counsel, however, graciously undertook, by stipulation, to take

the matter out of the control of the court and granted defendant ten days from August 10, 1925, in which to plead.

In the administration of justice, the trial judge in many respects functions as an administrative officer. He should be something more than a mere umpire. It is his duty to see that the business of the court is dispatched without unnecessary delay. In the instant case he fixed a definite time in which the defendant was required to file his answer. Can the force and effect of such order be thwarted by stipulation of counsel? The judge was not a party to the agreement. If the time could thus be extended ten days, why not six months? Section 101, Or. L., in part provides:

"If the demurrer be sustained, the court may in its discretion allow the party to amend the pleading demurred to, upon such terms as may be proper."

In construing the above section it has been held that the trial court may strike out an amended answer filed without leave: *West* v. *McDonald,* 74 Or. 421 (144 Pac. 655); *Gabel* v. *Armstrong,* 88 Or. 84 (171 Pac. 190).

Assuming that the stipulation should be given effect, the defendant failed to comply therewith by filing a motion for inspection of papers. This was not a pleading within the meaning of the statute. Section 65, Or. L., provides that the only pleadings on the part of the defendant shall be a demurrer or an answer. A pleading is a means of bringing a cause to issue, either upon a question of fact or one of law. The motion in question does neither. It pertains to a rule of evidence.

Considering the record in its entirety, we fail to see wherein there has been an abuse of discretion in entering the default and judgment. It may be, as contended by counsel for defendant, that some of the reasons assigned for striking the last answer from the files were not well based, but it is believed that the conclusion reached was proper.

It follows that the judgment of the lower court is affirmed.                                         AFFIRMED.

BROWN, J., concurs.

RAND, C. J., and BEAN, J., concur in the result.