Submitted on motion to dismiss appeal April 5, motion denied June 21, 1927, argued on the merits October 3, rehearing denied December 11, 1928.

## JACOB WEINSTEIN *v.* SHANNA C. WHEELER.

(257 Pac. 20; 271 Pac. 733.)

For the motion, *Mr. E. L. McDougal.*

*Contra, Mr. Abe Eugene Rosenberg.*

RAND, J.—The defendant moves to dismiss plaintiff's appeal for the reason that at the time the transcript was filed the bill of exceptions was not made a part thereof, and for the further reason that the bill of exceptions was not prepared and tendered within the time previously allowed by the judge who tried the action in the court below. Section 554—1, Or. L., provides that:

"When an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the supreme court or appellate court, and shall be a part of the transcript in the supreme court or appellate court so long as it may be needed there. * * "

This statute makes it the duty of the clerk of the trial court to forward the bill of exceptions to this court and this he should do as soon as it is certified to and filed in his office. But until so settled, certified to and filed, it is not a part of the record of the lower court and cannot become a part of the record here. If the clerk of the trial court fails in the performance of this duty, rule 35 of this court provides a method for having the bill of exceptions brought here.

▪ ■ Our rules define the transcript which must be filed in order to comply with the requirements of Section 554, Or. L., and prescribe what the transcript shall contain, and also provide for the filing of a printed abstract and what it shall contain. Other than in criminal cases, the rules

providing for the filing of the transcript and printed abstract contain no reference to any bill of exceptions, and therefore under our rules the bill of exceptions is no part of the transcript until forwarded to this court by the clerk of the trial court, when by force of the statute it, as well as the original pleadings, then becomes a part of the transcript. Neither the statute nor the rules prescribe the time in which the bill of exceptions must be filed, nor deny to the appellant the right to have it filed at any time. After it has been filed in this court it may be amended or corrected by the trial court up to the time of the final hearing of the cause: *Brewster* v. *Springer,* 79 Or. 88 (154 Pac. 418), and authorities there cited.

■ This appeal was taken and perfected in the manner provided by statute and the transcript and printed abstracts have been filed in compliance with the rules of this court. These alone are sufficient without any bill of exceptions to submit the question of the jurisdiction of the trial court and of the sufficiency of the complaint, and for this reason the motion to dismiss the appeal must be overruled: *Nosler* v. *Coos Bay Nav. Co.,* 40 Or. 305, 308 (63 Pac. 1050, 64 Pac. 855), and *Grover* v. *Hawthorne,* 62 Or. 65, 68 (116 Pac. 100, 121 Pac. 804).

■ The bill of exceptions on file in this cause has been signed and certified to by the trial judge and contains a statement that it was prepared and tendered within the time allowed. This statement of that fact by that court is conclusive· upon this court, and we have no more right to disregard that statement of fact than we would have to question any other statement of fact contained in the bill of exceptions.

■ ■ There is no time fixed by statute in this state within which a circuit judge may sign a bill of exceptions, or which denies his right to sign it after the term: *Che Gong* v. *Stearns,* 16 Or. 219 (17 Pac. 871).

"The right of a trial court to limit the time for the settlement of a bill of exceptions is indispensable to the orderly administration of the law, and it is entirely proper that the appellant be required to tender his proposed bill within the time fixed, or give a sufficient excuse for not doing so. But, when a reasonable excuse is shown, the trial judge should not hesitate to settle and allow it, notwithstanding the expiration of the time. It would be a very rigorous doctrine to hold that an appellant should be deprived by circumstances over which he had no control of the benefit of the exceptions taken by him during the progress of a trial. But whether the bill shall be settled and allowed after the time limited is a matter within the sound judicial discretion of the trial judge, * * " *McElvain* v. *Bradshaw,* 30 Or. 569 (48 Pac. 464).

And "when the trial judge sees fit to settle the bill of exceptions, even after the time limited, this court will not disregard it." *West* v. *McDonald,* 74 Or. 421 (144 Pac. 655). That the trial judge may sign and certify to a bill of exceptions which was not tendered within the time limited by the previous orders of the court, and that it is his duty to do so whenever sufficient reason for the delay exists, and that whether or not he should sign and certify to a bill of exceptions when presented after the time allowed is within the sound judicial discretion of the trial judge, and that in the exercise of this discretion, unless there has been a clear abuse thereof his action will not be reviewed upon appeal, is settled by an overwhelming weight of authority in this state:

*Che Gong* v. *Stearns, supra; Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496); *McElvain* v. *Bradshaw, supra; Hayes* v. *Clifford,* 42 Or. 568 (72 Pac. 1); *Francis* v. *Mutual Life Ins. Co.,* 61 Or. 141 (114 Pac. 921); *West* v. *McDonald, supra; Credit Service Co.* v. *Peters,* 116 Or. 138 (216 Pac. 742); *John Deere Plow Co.* v. *Silver Mfg. Co.,* 118 Or. 62 (216 Pac. 743, 245 Pac. 1083).

For the reasons stated the bill of exceptions will not be expunged and the motion will be denied.

MOTION DENIED.

ON THE MERITS.

For appellant there was a brief over the name of *Mr. Ralph A. Coan,* with an oral argument by *Mr. Abe Eugene Rosenberg.*

For respondent there was a brief and oral argument by *Mr. E. L. McDougal.*

BELT, J.—Error is predicated upon the refusal of the court to give the following requested instruction:

"You are instructed that the blind and the halt have as much right to the use of the streets in the city of Portland, Oregon, as those who have possession of their faculties, and it is not negligence as a matter of law for a blind person to walk unattended, either without a companion or a cane, on a public street."

Defendant charges plaintiff with contributory negligence as follows: "(1) That he was unable to see

and was not being accompanied by anyone who could see; (2) In failing to observe the automobile operated by the defendant herein; (3) In failing to continue the course across the street originally adopted by the said Jacob Weinstein and in turning around and running in the opposite direction; and (4) In negligently walking across said street under the circumstances." In the reply plaintiff admits that he is blind and was walking across the intersection at Third and Caruthers Streets alone. The trial court, after stating the issues relative to the defense of contributory negligence, instructed the jury that, for plaintiff to recover, it must find that he "was free from negligence and not guilty of any one or more of the acts of contributory negligence charged against him in the defendant's answer." In other words, the jury was advised that if plaintiff "was unable to see and was not being accompanied by anyone who could see," or "failed to observe the automobile operated by the defendant" he would be guilty of contributory negligence and could not recover. This instruction was equivalent to a directed verdict in view of the admission of plaintiff that he was blind and was unaccompanied at the time of crossing the street. However, no exception was taken to the court's charge in this respect and we refer to it only in consideration of the question as to whether plaintiff's rights were materially affected by the refusal of the court to give the requested instruction. In the first specification of negligence defendant says that plaintiff "was unable to see" and, in the next, complains that he failed to observe the automobile—notwithstanding he was blind. The first two allegations of negligence as charged against the plaintiff should have been withdrawn from the consideration

of the jury and, no doubt, the trial court would have done so had its attention been directed to the matter. Permitting such allegations to remain in the answer invited error.

 It is well settled that the instruction requested by the plaintiff is a correct statement of the law: *Balcom* v. *City of Independence*, 178 Iowa, 685 (160 N. W. 305, L. R. A. 1917C, 120); *McLaughlin* v. *Griffin*, 155 Iowa, 302 (135 N. W. 1107); *Hefferon* v. *Reeves*, 140 Minn. 505 (167 N. W. 423); *Smith* v. *Wildes*, 143 Mass. 556 (10 N. E. 446); *Apperson* v. *Lazro*, 44 Ind. App. 186 (87 N. E. 97, 88 N. E. 99); Berry on Automobiles (5 ed.), § 232; Huddy on Automobiles (8 ed.), §§ 499, 589. No person or class of persons has an exclusive right to the use of the streets. Public thoroughfares are for the beggar on his crutches as well as the millionaire in his limousine. Neither is it the policy of the law to discriminate against those who suffer physical infirmity. The blind and the halt may use the streets without being guilty of negligence if, in so doing, they exercise that degree of care which an ordinarily prudent person similarly afflicted would exercise under the same circumstances. The true test to be applied to this case is: What would an ordinarily prudent person, who was blind and of the age and experience of the plaintiff, do to avoid injury upon hearing the sound of an approaching automobile when crossing the street? The mere fact, in itself, that plaintiff, while in a state of confusion, turned the wrong way does not constitute negligence unless it be said that he failed to act as an ordinarily prudent person would have acted under the same circumstances. Neither is it negligence, as a matter of law, for a blind person to walk upon the streets of a city unattended. Those who

drive automobiles on the streets of a city and who observe, or in the exercise of reasonable diligence ought to know, that a pedestrian is blind must use care commensurate with the danger involved. It will not do to drive on under such circumstances and assume that one thus deprived of sight will jump the right way. The automobile should be stopped. The learned trial court had a true conception as to the law of the case, as evidenced by the charge in its entirety wherein the reciprocal rights and duties of the parties involved were, in a general manner, stated, but, in our opinion, plaintiff was entitled to the specific instruction requested. In view of the improper allegations of contributory negligence, it was error to refuse.

Since the case must be retried we deem it proper to add that what we have said is not to be construed as intimating our opinion as to the negligence of either party. Such is a question wholly within the province of the jury.

■ We think the trial court properly rejected the offer of plaintiff to introduce, relative to the issue of damages, letters written and received by him, prior to the accident, as to his intention to study for the concert stage. Plaintiff was permitted to show at great length his ability as a musician and the effect that the accident had upon his career, but it would be entirely too uncertain and speculative to allow plaintiff to tell what he proposed to do in the future. As stated by Mr. Justice McBride in *Brown* v. *Oregon-Washington R. & N. Co.,* 63 Or. 396 (128 Pac. 38):

"A fair rule would seem in cases of this character to be that any evidence which would indicate fairly the capacity of the plaintiff to earn money in his usual vocation, and the probability of his being able to do so in the future should be admitted; but, where

such evidence consists of mere guesswork and speculation upon what might happen in the future, it should be excluded. Such testimony in any court is seldom, or never, conclusive, and merely furnishes one factor in solving the equation of a man's earning capacity.''

The judgment of the lower court is reversed and the cause remanded for a new trial.

REVERSED. REHEARING DENIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.